STEVEN G. KALAR
Federal Public Defender
GRAHAM ARCHER
Assistant Federal Public Defender
55 S. Market Street, Suite 820
San Jose, CA 95113
Telephone: (408) 291-7753
Graham_Archer@fd.org

Counsel for Defendant, DOUGLAS STORMS YORK

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 15-00226 BLF |
| ) | |
| Plaintiff, ) | DEFENDANT'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE THE COURT FROM SENDING INDICTMENT INTO THE JURY ROOM |
| ) | |
| vs. ) | |
| ) | |
| ) | Pretrial Conference: July 16, 2015 |
| ) | Time: 2:00 p.m. |
| DOUGLAS STORMS YORK, ) | |
| ) | Trial Date: July 20, 2015 |
| Defendant. ) | |
| ) | **Honorable Beth Labson Freeman** |

Defendant Douglas Storms York, by and through his counsel, submits the following motion in limine in conformity with the Court's pretrial order and Local Rule 47-2. This motion is based upon the attached memorandum of points and authorities, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion. Mr. York reserves the right to supplement this motion during the course of trial as needed.

\\\

\\\

Def.'s Motion *In Limine* No. 1
CR 15-00226 BLF                                                    1

**ARGUMENT**

**I.     The Court Should Not Send the Indictment Into the Jury Room During Deliberations**

Neither the Federal Rules of Criminal Procedure nor case law requires sending a copy of the indictment to the jury room, because the indictment is not evidence. As the commentary to Model Instruction 3.2 ("Charge Against Defendant Not Evidence") indicates, special care must be taken if the indictment is sent into the jury room during deliberations. Therefore, the better practice is not to send the indictment into the jury room.

Mr. York requests that this Court follow the Committee's guidance. The language in the instant indictment "tracks" the language of the charged statute. Accordingly, it is probable that jurors will be persuaded by the similarities alleged in the indictment returned by the grand jury and the elements which must be proven in the charged statute to speculate that *another* jury—the grand jury—already made the relevant determinations in this case. Similarly, the indictment recites "the grand jury charges," and this could persuade those jurors without experience with the grand jury system that another jury already found Mr. York guilty.

Mr. York also requests that this Court caution the jury that the indictment is not evidence. See United States v. Utz, 886 F.2d 1148, 1151-1152 (9th Cir. 1989).

**CONCLUSION**

For the foregoing reasons, Mr. York respectfully requests that the Court grant this motion, and accord such other relief as this Court deems just. Mr. York requests leave to file further motions as may be necessary.

Dated: July 2, 2015                                                                 Respectfully submitted,

                                                                                                  STEVEN G. KALAR
                                                                                                  Federal Public Defender


                                                                                                  _____/s/_____
                                                                                                  GRAHAM ARCHER
                                                                                                  Assistant Federal Public Defender