STEVEN G. KALAR
Federal Public Defender
GRAHAM ARCHER
Assistant Federal Public Defender
55 S. Market Street, Suite 820
San Jose, CA  95113
Telephone: (408) 291-7753
Graham_Archer@fd.org

Counsel for Defendant, DOUGLAS STORMS YORK

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 15-00226 BLF |
|---|---|---|
| Plaintiff, | ) ) ) | DEFENDANT'S MOTION *IN LIMINE* NO. _4_ TO PRECLUDE THE GOVERNMENT AND ITS WITNESSES FROM VOUCHING |
| vs. | ) ) | Pretrial Conference: July 16, 2015 Time: 2:00 p.m. |
| DOUGLAS STORMS YORK, | ) ) | Trial Date: July 20, 2015 |
| Defendant. | ) ) | **Honorable Beth Labson Freeman** |

Defendant Douglas Storms York, by and through his counsel, submits the following motion in limine in conformity with the Court's pretrial order and Local Rule 47-2.  This motion is based upon the attached memorandum of points and authorities, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion.  Mr. York reserves the right to supplement this motion during the course of trial as needed.

\\\

\\\

Def.'s Motion *In Limine* No. 4
CR 15-00226 BLF                                                                1

## ARGUMENT

**I.     The Government and Its Witnesses Should Be Prevented from Vouching**

Impermissible vouching must not be allowed during the government's case-in-chief or during the government's closing argument. "Vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony." See United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir.1993). The Supreme Court has held:

> The prosecutor's vouching for the credibility of witnesses and expressing his personal opinion concerning the guilt of the accused pose two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; *and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.*

Berger v. United States, 295 U.S. 78, 88-89 (1935). Similarly, the Ninth Circuit has "consistently cautioned against prosecutorial statements designed to appeal to the passions, fears and vulnerabilities of the jury . . . ." United States v. Weatherspoon, 410 F.3d 1142, 1149 (9th Cir. 2005). As the Ninth Circuit has explained:

> A prosecutor may not urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future lawbreaking. The evil lurking in such prosecutorial appeals is that the defendant will be convicted for reasons wholly irrelevant to his own guilt or innocence. Jurors may be persuaded by such appeals to believe that, by convicting a defendant, they will assist in the solution of some pressing social problem. The amelioration of society's woes is far too heavy a burden for the individual criminal defendant to bear.

United States v. Koon, 34 F.3d 1416, 1443 (9th Cir.1994), quoting United States v. Monaghan, 741 F.2d 1434, 1441 (D.C. Cir.1984). It is also impermissible for government agents to vouch for themselves or each other. In United States v. Rudberg, 122 F.3d 1199, 1204 (9th Cir. 1997), the Ninth Circuit held that vouching can occur through the testimony of a government agent because the jury might easily identify the agent's position with the integrity of the United States.

In fact, the Court noted that when that happens, vouching occurs in a "very powerful form."  Id.

## CONCLUSION

For the foregoing reasons, and for such other reasons as may appear at the hearing on this motion, Mr. York respectfully requests that the Court grant his motion, and accord such other relief as this Court deems just.  Mr. York requests leave to file further motions as may be necessary.

Dated: July 2, 2015                                         Respectfully submitted,

                                                            STEVEN G. KALAR
                                                            Federal Public Defender


                                                             s/
                                                            GRAHAM ARCHER
                                                            Assistant Federal Public Defender