STEVEN G. KALAR
Federal Public Defender
GRAHAM ARCHER
Assistant Federal Public Defender
55 S. Market Street, Suite 820
San Jose, CA 95113
Telephone: (408) 291-7753
Graham_Archer@fd.org

Counsel for Defendant, DOUGLAS STORMS YORK

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 15-00226 BLF |
|---|---|---|
| Plaintiff, | ) ) ) | DEFENDANT'S MOTION *IN LIMINE* NO. _5_ TO DESIGNATE ALL GOVERNMENT WITNESSES AS UNDER DEFENSE SUBPOENA UNLESS RELEASED |
| vs. | ) ) ) | |
| | ) ) | Pretrial Conference: July 16, 2015 Time: 2:00 p.m. |
| DOUGLAS STORMS YORK, | ) ) | Trial Date: July 20, 2015 |
| Defendant. | ) ) | **Honorable Beth Labson Freeman** |

Defendant Douglas Storms York, by and through his counsel, submits the following motion in limine in conformity with the Court's pretrial order and Local Rule 47-2. This motion is based upon the attached memorandum of points and authorities, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion. Mr. York reserves the right to supplement this motion during the course of trial as needed.

\\\

\\\

Def.'s Motion *In Limine* No. 5
CR 15-00226 BLF                                                 1

**ARGUMENT**

**I.    The Court Should Designate All Government Witnesses as Under Defense Subpoena Unless Released**

Government witnesses noticed for trial occasionally are released by the government without informing the defense, and thereafter become unavailable. In order for Mr. York to retain access to these witnesses, he requests the Court order that any released government witnesses be considered under defense subpoena.

Indigent defendants such as Mr. York are provided the opportunity to have the government subpoena witnesses on their behalf by the Sixth Amendment and by Fed. R. Crim. P. 17(b). United States v. Barker, 553 F.2d 1013, 1019 (6th Cir. 1997). In addition, this Court has the inherent power to subpoena witnesses on behalf of indigents. See Lloyd v McKendree, 749 F.2d 705, 706-07 (11th Cir. 1985); Link v. Wabash, 370 U.S. 626, 630 (1962) ("The inherent powers of the federal courts are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). To safeguard against the loss of vital witness testimony and to ensure that this indigent defendant is provided all Fifth and Sixth Amendment rights, Mr. York requests that the Court exercise its inherent power to order that any released government witnesses be considered under defense subpoena for the duration of the trial.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

## **CONCLUSION**

For the foregoing reasons, and for such other reasons as may appear at the hearing on this motion, Mr. York respectfully requests that the Court grant his motions, and accord such other relief as this Court deems just.  Mr. York requests leave to file further motions as may be necessary.


Dated: July 2, 2015                                            Respectfully submitted,


                                                                              STEVEN G. KALAR
                                                                              Federal Public Defender


                                                                                            /s/
                                                                              GRAHAM ARCHER
                                                                              Assistant Federal Public Defender

Def.'s Motion *In Limine* No. 5
CR 15-00226 BLF                                      3