1  STEVEN G. KALAR
   Federal Public Defender
2  GRAHAM ARCHER
   Assistant Federal Public Defender
3  55 S. Market Street, Suite 820
   San Jose, CA  95113
4  Telephone: (408) 291-7753
   Graham_Archer@fd.org
5
   Counsel for Defendant, DOUGLAS STORMS YORK
6

7

8                     IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12  UNITED STATES OF AMERICA,            )   No. CR 15-00226 BLF
                                         )
13                 Plaintiff,            )   DEFENDANT'S MOTION *IN LIMINE* NO.
                                         )    6   TO EXCLUDE GOVERNMENT
14                                       )   WITNESSES AND REQUIRE THE CASE
    vs.                                  )   AGENT TO TESTIFY FIRST
15                                       )
                                         )   Pretrial Conference: July 16, 2015
16                                       )   Time: 2:00 p.m.
    DOUGLAS STORMS YORK,                 )
17                                       )   Trial Date: July 20, 2015
                   Defendant.            )
18  _____)   **Honorable Beth Labson Freeman**

19  **I.    The Court Should Exclude Government Witnesses and Require the Case Agent to
             Testify First**
20

21        Mr. York is entitled to exclusion of government witnesses as a matter of law.  Federal Rule

22  of Evidence 615 provides that "[a]t the request of a party the court shall order witnesses excluded

23  so that they cannot hear the testimony of other witnesses."  Rule 615 is intended to ensure a fair trial

24  by preventing collusion of witnesses and fabrication of testimony, and by helping reveal instances

25  where such fabrication or collusion actually occurs.  See Geders v. United States, 425 U.S. 80, 87

26  (1976) (observing that the rule "exercises a restraint of witnesses 'tailoring' their testimony to that

1   of earlier witnesses; and it aids in detecting testimony that is less than candid"); see also Taylor v.

2   United States, 388 F.2d 786, 788 (9th Cir. 1967) (stating that exclusion is designed to "prevent the

3   shaping of testimony by hearing what other witnesses say").

4        Rule 615 makes the exclusion of witnesses mandatory upon request, and the Ninth Circuit

5   has referred to witness exclusion as a "right." See United States v. Ell, 718 F.2d 291, 292 (9th Cir.

6   1983) ("The rule makes the exclusion of witnesses a matter of right and the decision is no longer

7   committed to the court's discretion as it once was." (citing Fed. R. Evid. 615 Advisory Committee's

8   note)); United States v. Brewer, 947 F.2d 404, 407-11 (9th Cir. 1991) ("The use of the word 'shall'

9   makes it clear that a district court must comply with a request for exclusion.").

10       Witnesses should be excluded during motion hearings, opening statements and closing

11  arguments, as well as during witness testimony.  Rule 615 requires that non-exempt witnesses be

12  excluded from the courtroom during all witness testimony; that is, that they should remain excluded

13  even after testifying.  Fed. R. Evid. 615; see also Ell, 718 F.2d at 293 (holding that trial court erred

14  by not excluding prosecution witness who had already testified, and noting that the dangers against

15  which Rule 615 is designed to protect are present when witnesses are only partially excluded since

16  "a rebuttal witness who has already testified . . . may wish to tailor rebuttal testimony [and]. . . cover

17  up inconsistencies in earlier testimony").

18       There is also substantial authority stating that either under Rule 615, or through an exercise

19  of a court's inherent powers, it is proper to extend the period of exclusion in order to promote a fair

20  trial.  See United States v. Sepulveda, 15 F.3d 1161, 1175-77 (1st Cir. 1993) (holding that in

21  addition to the power to exclude under Rule 615 a district court retains inherent power to "make

22  whatever provisions it deems necessary to manage trials, . . . including the sequestration of witnesses

23  *before, during and after* their testimony" (citing Geders, 425 U.S. at 87)) (emphasis added); see also

24  4 Weinstein's Federal Evidence § 615.02[2][a] (Matthew Bender 2d ed. 2000) ("The customary

25  practice is to exercise discretion to exclude prospective witnesses during openings and any

26  arguments or offers of proof when a witness' testimony may be summarized.").

Def.'s Motion *In Limine* No. 6
CR 15-00226 BLF                                    2

1        Because the truthfulness of witness testimony and the ability to detect fabricated testimony

2   is best achieved through a comprehensive exclusion order, the Court should extend the scope of its

3   order to cover opening and closing arguments, as well as hearings for pretrial motions.

4        **A.        Only Witnesses Specifically Exempted Under Rule 615 Should Be Permitted To Remain In The Courtroom**

5

6        Pursuant to Rule 615, only four categories of witnesses are not subject to the full scope of

7   a court's exclusion order.  Each government witness must be excluded unless the government

8   demonstrates that the witness falls within one of the designated exceptions.  See United States v.

9   Jackson, 60 F.3d 128, 135 (2d Cir. 1995) (noting that Rule 615 carries a strong presumption in favor

10  of exclusion and that the party opposing exclusion "has the burden of demonstrating why the

11  pertinent Rule 615 exception applies").  The Court should order that only witnesses specifically

12  exempted under Rule 615 should be permitted to remain in the courtroom.

13       No more than one "case agent" should be designated as the government's representative

14  under Rule 615(2).  Although a federal agent, or a local law enforcement officer working with

15  federal agents, qualifies for exemption from an exclusion order under Rule 615(2), the plain

16  language of the statute as well as the notes of the Advisory Committee indicate that only one agent

17  can be exempt under this provision: "As the equivalent of the right of a natural-person party, a party

18  which is not a natural person is entitled to have *a representative* present.") (emphasis added); United

19  States v. Pulley, 922 F.2d 1283, 1286 (6th Cir. 1991) ( "'A' representative, like 'a' natural person,

20  . . . and 'an' officer or employee, is singular. . . we can discern no reason to convert the singular into

21  the plural.")

22       **B.        Any "Case Agent" Exempt from the Court's Order Of Exclusion Should Testify Before Non-Exempt Government Witnesses Or Not at All**

23

24       When a government witness is exempt from a court order of exclusion under Rule 615, that

25  witness should testify before all other non-exempt government witnesses or not at all.  This approach

26  necessarily dovetails with Fed. R. Evid. 611(a), which provides in that "[t]he court shall exercise

Def.'s Motion *In Limine* No. 6
CR 15-00226 BLF                                              3

1 reasonable control over the mode and order of interrogating witnesses and presenting evidence to

2 make the interrogation and presentation effective for the ascertainment of the truth."

3   Requiring exempted witnesses to testify first also helps achieve the goals of Rule 615, while

4 simultaneously respecting the dictates of that rule's enumerated exemptions.  See United States v.

5 York, 733 F.2d 327, 329 (4th Cir. 1984) ("[B]etter practice suggests that if the [exempt] agent is to

6 testify, he should testify as the Government's first witness, unless, . . . there [are] good reasons

7 otherwise."); In re United States, 584 F.2d 666, 667 (5th Cir. 1978) (holding that agent designated

8 under Rule 615(2) as government's representative could not be excluded; however, it was proper

9 to order the agent to testify at an early stage of trial); see also 2 Federal Rules of Evidence Manual,

10 1166 (Stephen Salzburg, Michael M. Martin, Daniel J. Capra eds. 1998) ("Where a witness falls into

11 one of the exceptions to Rule 615, it does not mean that the policy that drives the Rule is

12 inapplicable. . . . [T]he trial court could use its authority under Rule 611(a) to require the non-

13 sequestered witness to testify early, if not first, in the case.").

14   Accordingly, the Court should require the government's case agent to testify before those

15 witnesses who must be excluded from the courtroom under Rule 615, or not at all.

16 **C.**   **Witnesses Should be Directed Not to Read Trial Transcripts or Discuss the Case or Their Testimony with Anyone Other than Government Counsel**

17 Rule 615 does not provide clear guidance as to what instructions should be given to excluded

18 witnesses.  Numerous courts, however, have acknowledged that in order to achieve the purposes of

19 Rule 615, the district court must direct excluded witnesses not to discuss the case or their testimony

20 with anyone other than counsel.  The Tenth Circuit has gone so far as to say that failure to instruct

21 the witnesses about the scope and importance of an exclusion order may warrant reversal on appeal.

22 See United States v. Buchanan, 787 F.2d 477, 484-485 (10th Cir. 1986) ("The witnesses should be

23 clearly directed, when the Rule is invoked, that they must all leave the courtroom (with the

24 exceptions the Rule permits), and that they are not to discuss the case or what their testimony has

25 been or would be or what occurs in the courtroom with anyone other than counsel for either side.");

26

Def.'s Motion *In Limine* No. 6
CR 15-00226 BLF      4

1  see also Perry v. Leeke, 488 U.S. 272, 279 (1989) ("It is a common practice for a judge to instruct

2  a witness not to discuss his or her testimony with third parties until the trial is completed."). This

3  requirement should also preclude the witnesses from discussing the case with anyone other than the

4  government or defense counsel that is appearing in the instant case.

5       Following the same rationale, several circuits have held that the reading of trial transcripts

6  also violates the purpose of Rule 615.  See Miller v. Universal City Studios, Inc., 650 F.2d 1365,

7  1373 (5th Cir. 1981) ("The opportunity to shape testimony is as great with a witness who reads trial

8  testimony as with one who hears the testimony in open court. The harm may be even more

9  pronounced . . ., because the [witness] need not rely on his memory of the testimony but can

10 thoroughly review and study the transcript in formulating his own testimony."); see also United

11 States v. Rhynes, 206 F.3d 349, 370 (4th Cir. 1999) (holding that a sequestration order may cover

12 more than courtroom exclusion, even if the order mentions only exclusion; stating that trial judges

13 should be, "alert to the myriad ways in which individuals may attempt to circumvent sequestration

14 orders.").  Finally, witnesses who fall under one of the Rule 615 exceptions should also be directed

15 not to speak with anyone about the case (other than counsel).  See United States v. Butera, 677 F.2d

16 1376, 1380-81 (11th Cir. 1982) (holding that an undercover agent designated as government's

17 representative, and therefore exempt under Rule 615(2), was nevertheless properly directed not to

18 discuss case with other witnesses).

19                                  **CONCLUSION**

20      For the foregoing reasons, Mr. York respectfully requests that the Court grant his motion.

21 Dated: July 2, 2015                        Respectfully submitted,

22
                                             STEVEN G. KALAR
23                                           Federal Public Defender

24
                                                s/
25                                           GRAHAM ARCHER
                                             Assistant Federal Public Defender
26

Def.'s Motion *In Limine* No. 6
CR 15-00226 BLF                        5