STEVEN G. KALAR
Federal Public Defender
GRAHAM ARCHER
Assistant Federal Public Defender
55 S. Market Street, Suite 820
San Jose, CA 95113
Telephone: (408) 291-7753
Graham_Archer@fd.org

Counsel for Defendant, DOUGLAS STORMS YORK

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 15-00226 BLF |
| Plaintiff, | DEFENDANT'S MOTION *IN LIMINE* NO. 8 TO PRECLUDE THE GOVERNMENT FROM CROSS-EXAMINING DEFENSE WITNESSES WITH "GUILT-ASSUMING" QUESTIONS AND HYPOTHETICALS |
| vs. | |
| | Pretrial Conference: July 16, 2015 Time: 2:00 p.m. |
| DOUGLAS STORMS YORK, | Trial Date: July 20, 2015 |
| Defendant. | **Honorable Beth Labson Freeman** |

Defendant Douglas Storms York, by and through his counsel, submits the following motion in limine in conformity with the Court's pretrial order and Local Rule 47-2. This motion is based upon the attached memorandum of points and authorities, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion. Mr. York reserves the right to supplement this motion during the course of trial as needed.

\\\

\\\

Def.'s Motion *In Limine* No. 8
CR 15-00226 BLF                               1

# ARGUMENT

I. **The Court Should Preclude the Government From Cross-Examining Defense Witnesses With "Guilt-Assuming" Questions and Hypotheticals**

A "guilt-assuming" question is a question in which the prosecutor uses the facts underlying the defendant's arrest to attack and discredit a defense witness' testimony. Such questions present the jury with the ideas that because the defendant has been "arrested," it is unreasonable: (1) for the defendant to have a good reputation, or (2) for anyone, specifically the witness, to express a positive opinion about the defendant. Moreover, the use of such inappropriate questions place the character witness in a "Catch-22" - whereby the witness must either maintain his position and appear incredible in the face of the prosecutor's attack or agree with the prosecutor thereby casting a "thirteenth vote" for conviction. Accordingly such questions undermine our criminal justice system's presumption that a defendant is innocent until proven guilty, See, e.g., United States v. Barta, 888 F.2d 1220, 1225 (8th Cir. 1989) (cross-examination questions regarding whether the defense character witness is familiar with the facts underlying the charge "exceed the bounds of propriety, premised, as [such questions] are, on a presumption of guilt"); United States v. Siers, 873 F.2d 747, 749 (4th Cir. 1989) (in case where the defendant asserted self-defense, improper to cross, "Would it change your opinion of [the defendant] being a peaceful person if he shot an individual and wounded him with a sawed-off shotgun?"); United States v. Candelaria-Gonzalez, 547 F.2d 291, 293-94 (5th Cir. 1977) ("Government counsel on cross-examination asked if [the defendant's] indictment would affect the witness' opinion of him and his reputation in general").

"Guilt-assuming" questions not only undermine the presumption of innocence but they are tantamount to prosecutorial vouching, Cf. Barta, 888 F.2d at 1225 ("These questions permitted the government to improperly bolster the weight of its own evidence by implying that the witness might have answered differently had they heard the same evidence as the jury"). Furthermore, such questions corrupt the jury's role as the ultimate fact-finder. Jurors have the ability and obligation to decide for themselves based upon the evidence presented what significance they should attach to

the underlying facts and evidence of Mr. York's actions and character. See United States v. Oshatz, 912 F.2d 534, 538 (2nd Cir. 1990) ("Insofar as non-expert character witnesses are concerned . . . we believe that the probative value of hypothetical questions such as the one at issue herein is negligible and should not be asked. The jury is in as good a position as the non-expert witness to draw proper inferences concerning the defendant's character from its own resolution of the issue") (citation omitted).

Accordingly, Mr. York requests that this Court preclude the government from cross-examining defense witnesses with "guilt-assuming" questions and hypotheticals.

## CONCLUSION

For the foregoing reasons, and for such other reasons as may appear at the hearing on this motion, Mr. York respectfully requests that the Court grant his motion, and accord such other relief as this Court deems just. Mr. York requests leave to file further motions as may be necessary.

Dated: July 2, 2015               Respectfully submitted,

                                  STEVEN G. KALAR
                                  Federal Public Defender


                                   s/
                                  GRAHAM ARCHER
                                  Assistant Federal Public Defender