MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

BRIANNA PENNA (CABN 290444)
JEFF SCHENK (CABN 234355)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    Brianna.penna@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR-15-00226-BLF |
| Plaintiff, | UNITED STATES' MOTION *IN LIMINE* NO. 1 TO ADMIT 404(b) EVIDENCE |
| v. | Pretrial Conference: July 16, 2015 |
| DOUGLAS STROMS YORK, | Trial Date: July 20, 2015 |
| Defendant. | **Honorable Beth L. Freeman** |

The United States hereby respectfully submits the following Motion *in Limine*.

**I.    FACTUAL BACKGROUND**

On February 23, 2012, the victims, Allan Hessenflow and Andrea York, were the recipient of a suspicious voice mail. The call, later linked to the defendant, involved an illegal impersonation of an IRS agent investigating Mr. Hessenflow's tax records. Investigation of the call revealed that the defendant had been harassing the victims for several months.

The United States seeks to submit prior bad acts evidence of the defendant at trial to prove his identify, motive and intent. This evidence includes the following: (a) defendant's pattern of phone calls to

MOTION IN LIMINE TO ADMIT 404(B) EVIDENCE
CR-15-00226-BLF

the victims; (b) a restraining order against the defendant prohibiting him from having contact with the victims; (c) defendant's listing of an ad on Craigslist of a Porsche for sale for $1 at Mr. Hessenflow's address, causing unwanted potential buyers to arrive at the house; (d) defendant's Facebook post, listing Mr. Hessenflow's address and implying that his daughters were in danger in Mr. Hessenflow's care; (e) defendant's prowling at night at the victims' house; and (f) defendant's prior convictions for violence against the victim, Andrea York, including: Inflict Corporal Injury on Spouse (2001) and Battery and Violation of Court Order to Prevent Domestic Violence (2012).

## II. THE COURT SHOULD ADMIT EVIDENCE OF DEFENDANT'S OTHER ACTS OF HARRASMENT UNDER FEDERAL RULE OF EVIDENCE 404(B).

### A. Legal Basis

Under Federal Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts" . . . is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FED. R. EVID. 404(b). "Rule 404(b) is a rule of inclusion. [U]nless the evidence of other acts only tends to prove propensity, it is admissible." *United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999) (internal citation omitted). "Other acts evidence is admissible under Rule 404(b) if it (1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged. *United States v. Beckman,* 298 F.3d, 788 794 (9th Cir. 2002) (*citing United States v. Murillo*, 255 F.3d 1169, 1175 (9th Cir. 2001), *overruled on other grounds, Muehler v. Mena,* 544 U.S. 93 (2005)). Further, evidence should not be considered "other act" evidence within the meaning of Rule 404(b) if "the evidence concerning the 'other' act and the evidence concerning crime charged are inextricably intertwined." *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 20120).

Rule 403 requires exclusion only when the relevant evidence is "substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403. "[T]he greater the degree of probativeness possessed by the evidence, the greater the showing of unfair prejudice that will be required to exclude the evidence." *United States v. Bailleaux*, 685 F.2d 1105, 1111 (9th Cir. 1982), *modified on other grounds by Huddleston v. United States*, 485 U.S. 681 (1988). Rule 403 does not preclude evidence that prejudices the defendant's case – it

MOTION IN LIMINE TO ADMIT 404(B) EVIDENCE
CR-15-00226-BLF

2

only precludes evidence that <u>unfairly</u> prejudices the defendant's case. *See United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir. 1991) (evidence unfairly prejudicial only "if it has an undue tendency to suggest a decision on an improper basis such as emotion or character rather than evidence presented on the crime charged"); *Bailleaux*, 685 F.2d at 1111 n.2 ("As used in Rule 403, 'unfair prejudice' means that the evidence not only has a significant impact on the defendant's case, . . . but that its admission results in some unfairness to the defendant from its non-probative aspect"). Moreover, potentially unfair prejudice to the defendant (to the extent any exists) can be eliminated or mitigated through a limiting instruction to the jury. *See, e.g., United States v. Arambula-Ruiz,* 987 F.2d 599, 604 (9th Cir. 1993).

### B. The Defendant's Prior Acts of Harassment against the Victims Is Inextricably Intertwined With His Phone Call Falsely Impersonating a Government Official.

Throughout the course of the investigation of the suspicious voice mail, it was revealed that the defendant was engaged in a pattern of severe harassment of the victims. Multiple instances of documented harassment were revealed, all carried out by the defendant and aimed at the victims.

Evidence should not be considered "other crimes" or "other act" evidence within the meaning of Rule 404(b) if "the evidence concerning the 'other' act and the evidence concerning the crime charged are inextricably intertwined." *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) (citing *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987). The Ninth Circuit has stated that, in order for the prosecutor to "offer a coherent and comprehensible story regarding the commission of the crime; it is obviously necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-1013 (9th Cir. 1995).

As the Ninth Circuit has stated "[a] jury is entitled to know the circumstances and background of a criminal charge." *United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992), *quoting United States v. Moore*, 735 F.2d 289, 282 (8th Cir. 1984). "[The jury] cannot be expected to make its decision in a void - without knowledge of the time, place, and circumstances of the acts with form the basis of the charge." *Id.* In this case, the jury should know that the defendant was obsessively interested in contacting the victims, during the course of time surrounding the alleged voice mail impersonating a government official. These incidents of harassment form the basis and backdrop of the defendant's interest in leaving the voice mail. It

MOTION IN LIMINE TO ADMIT 404(B) EVIDENCE
CR-15-00226-BLF

is necessary for the government to introduce the pattern of harassment in order to tell a comprehensive story to the jury about why defendant left the voice mail impersonating a government agent. The defendant's incidents and evidence of harassment of the victims are therefore inextricably intertwined with the charged offense and should be admitted to permit the government to tell "a coherent and comprehensible story" of his identity and motive to commit the crime.

### C. The Defendant's Prior Acts of Harassment Are Admissible Under 404(b) to Show Motive, Absence of Mistake, and Intent.

Even if the other acts are not viewed as "inextricably intertwined," they should be admitted under FRE 404(b). This evidence is admissible under Rule 404(b), as it is relevant to show his intent, preparation, plan, knowledge, identity, and absence of mistake or accident. First, this evidence "tends to prove a material point in issue" – the element of identity. To establish a violation of 18 U.S.C. § 912, the government must prove that the defendant falsely pretended to be a federal officer or employee acting under the seal of the United States. Thus, identity is an essential element of the charge. The government expects that a defense at trial may be that while a voice mail impersonating a federal officer was left, the voice on the call was altered, and defendant is not the individual who committed the charged offense. Defendant's prior conduct aimed at the victims, involved similar patterns of harassment to this instant offense. Evidence of these other acts by the defendant is relevant and admissible in the government's case in chief to prove identity as required.

Further, the "other acts" evidence show defendant's motive and intent for making the impersonation call. The United States will attempt to prove that defendant intended to scare or harass the victims with his impersonation of an IRS agent, in part due to his anger over the impending divorce. Evidence that he committed other harassing acts, such as repeatedly calling them, showing up at the house late at night, and sending customers to the house to purchase items not actually for sale, demonstrates that the call was part of a larger pattern of harassment aimed at the wife and her new boyfriend. That defendant had a history of assaulting Ms. York, and that a restraining order was put on him to keep him away from the victims, further shows his pattern of animus against them and that defendant had both a motive and the intent to harass them by his phone call.

The defendant's other acts are "not too remote in time." They all occur roughly contemporaneous with the voice mail at issue in the case. Third, there is more than sufficient evidence that the defendant

MOTION IN LIMINE TO ADMIT 404(B) EVIDENCE
CR-15-00226-BLF

committed the "other acts" of engaging in these prior acts of harassment. The government will admit business records, such as phone records and computer records and certified records of convictions, to prove the pattern of phone calls and the craigslist ad, and defendant's criminal history, has camera footage to show the defendant at the victims' house at night, as well as victim testimony to prove the defendant's conduct.

The significant probative value of this evidence is not outweighed, substantially or otherwise, by any danger of unfair prejudice, risk of delay, or cumulative evidence. The defendant's prior acts of harassment against the victim have significant probative value. They go to show defendant's motive for leaving the voice mail impersonating the government official, and they show identity through consistent patterns of behavior between this offense and the defendant's prior instances of harassment of the victims.

### III.    PENDING GOVERNMENT'S SUPERSEDING COUNTS, DEFENDANT'S PRIOR ACTS OF HARRASMENT WILL FALL UNDER FRE 401.

The Government may supersede the Indictment to include an additional count.[1] A violation of 47 § 223(a)(1)(C) involves an interstate telephone call or telecommunication device, made by a person who does not reveal his identity, with the intent to annoy, abuse, threaten, or harass any specific person. One of the essential elements of the statute is "intent to annoy or harass." Therefore, the above discussed prior acts would no longer qualify as FRE 404(b) evidence, but would rather directly prove the element of harassment.

### IV.    Conclusion

For all of the foregoing reasons, the Court should rule as set forth above if and when the issues identified arise. The Government would respectfully reserve the right to supplement this motion *in limine*.

DATED: July 2, 2015                             Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/
BRIANNA PENNA
JEFF SCHENK
Assistant United States Attorneys

---

[1] The Government has discussed the additional count(s) with defense counsel and provided additional discovery, which consisted of a security camera video recording of defendant and audio recordings of additional calls made using Spoofcard (a written transcript of these calls was originally provided in initial discovery). To date, defense has not indicated that they will be requesting a continuance of the trial date based on the superseding indictment.

MOTION IN LIMINE TO ADMIT 404(B) EVIDENCE
CR-15-00226-BLF