MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

BRIANNA PENNA (CABN 290444)
JEFF SCHENK (CABN 234355)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5037
    FAX: (408) 535-5066
    Brianna.penna@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> DOUGLAS STROMS YORK, <br>     Defendant. | NO. CR-15-00226-BLF <br><br> UNITED STATES' MOTION *IN LIMINE <u>NO. 2</u>* TO PRECLUDE IMROPER EVIDENCE AND ARGUMENT <br><br> Pretrial Conference: July 16, 2015 <br> Trial Date: July 20, 2015 <br><br> **Honorable Beth L. Freeman** |

The United States hereby respectfully submits the following Motion *in Limine*.

**I.    The Defendant Should Be Precluded from Introducing Improper Argument and Evidence.**

The government moves this Court to prohibit the defendant from arguing and presenting evidence designed to elicit jury nullification, that is, from pursuing lines of inquiry that are not legal defenses to the charges in the indictment. "An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or the defendant." *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996); see also *United States*

MOTION *IN LIMINE* TO PRECLUDE IMROPER EVIDENCE AND ARGUMENT
CR-15-00226-BLF

1

*v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("Neither court nor counsel should encourage jurors to exercise [nullification] power… A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification.")

This Circuit has never recognized a right held by defendants to seek nullification of a guilty verdict.  See *Zal v. Steppe*, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) cert. denied, 113 S.Ct. 656 (1992); *United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir. 1991); *United States v. Simpson*, 460 F.2d 515, 518-19 (9th Cir. 1972).  "As [a defendant] has no right to seek jury nullification, he has no right to present evidence relevant only to such defense." *United States v. Griggs*, 1995 WL 7669 *3 (C.A.9 1995), cert denied, 115 S.Ct. 1415 (1995). Citing *Zal*, *id.*, a defendant has "no constitutional right to present evidence merely to 'bring out the reason for [his] actions.' *Id*. at 929.

Although the government cannot predict each and every form of nullification defendant might invoke, the following serve as examples:

    A.    **Victim's Bad Acts and Character for Untruthfulness**

The defendant should be prohibited from arguing or presenting evidence regarding Andrea York, his estranged wife's, behavior or alleged bad acts or character for untruthfulness.  Federal Rules of Evidence Rule 608 prohibits extrinsic evidence to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.  Such evidence or argument is irrelevant to the defendant's guilt.  Ms. York's truthfulness or prior actions are not relevant to the charge, as defendant's conduct was what gave rise to the federal charges.

Rule 403 of the Federal Rules of Evidence provides further that even relevant evidence may be inadmissible, "if its probative value is substantially outweighed by the danger of unfair prejudice."  The Ninth Circuit Model Jury Instructions explicitly instruct jurors to "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy."  § 3.1 (2010 Ed.). Here, there is no probative value for introducing the victim's conduct. Moreover, there is substantial risk that the jury would be improperly influenced by dislike of the victim should the defendant be allowed to present evidence that victim may have acted in a negative manner during the divorce proceedings.  Presenting this evidence would be aimed simply to negate defendant's culpability for his behavior that led to the current charges.

MOTION *IN LIMINE* TO PRECLUDE IMROPER EVIDENCE AND ARGUMENT
CR-15-00226-BLF

2

This would constitute improper evidence intended only to outweigh or nullify his misconduct in this case and gain sympathy or divert blame from the jury.

### B.     Potential Punishment

The government moves to preclude, as irrelevant and prejudicial, any reference by the defense to the defendant's potential sentence during all phases of the trial (including jury selection, opening statements, examination of witnesses, including the defendants if they elect to testify, and summation). That reference could be as overt as, "You understand the defendant is facing a potential life prison term if convicted," or more subtle such as, "the defendant is facing a lot of time," "this case has serious consequences for the defendant," "the defendant's liberty is at stake in this trial," or "your decision will have consequences for a long time to come." Once the jury hears anything about punishment, the bell simply cannot be un-rung or the damage neutralized by a curative instruction.

"It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992). As explained in *Pope v. United States*, 298 F.2d 507 (5th Cir. 1962):

To inform the jury that the court may impose minimum or maximum sentence, will or will not grant probation, when a defendant will be eligible for parole, or other matters relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided. *Id*. at 508; see also *Shannon v. United States*, 512 U.S. 573, 579 (1994) ("[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion"); *Rogers v. United States*, 422 U.S. 35, 40 (1975) (explaining that jury should have been admonished that it "had no sentencing function and should reach its verdict without regard to what sentence might be imposed"); *United States v. Reed*, 726 F.2d 570, 579 (9th Cir. 1984) (holding that trial judge properly instructed jury that the "punishment provided by law for the offenses charged in the indictment are matters exclusively within the province of the court. It should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused"). Therefore, defense counsel should be precluded from making

1   any reference in the presence of the jury to punishment in statements, questions or argument.

2   **II.     Conclusion**

3   For all of the foregoing reasons, the Court should rule as set forth above if and when the issues
4   identified arise.  The Government would respectfully reserve the right to supplement this motion *in*
5   *limine* if additional issues requiring the Court's ruling arise.

7   DATED: July 2, 2015                                Respectfully submitted,

8                                                      MELINDA HAAG
                                                       United States Attorney

10                                                     /s/
                                                       BRIANNA PENNA
                                                       JEFF SCHENK
11                                                     Assistant United States Attorneys

MOTION *IN LIMINE* TO PRECLUDE IMROPER EVIDENCE AND ARGUMENT
CR-15-00226-BLF

4