STEVEN G. KALAR
Federal Public Defender
GRAHAM ARCHER
Assistant Federal Public Defender
55 South Market Street, Suite 820
San Jose, CA  95113
Telephone:  (408) 291-7753
Graham_Archer@fd.org

Counsel for Defendant DOUGLAS STORMS YORK

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 15-00226 BLF |
| | ) | |
| Plaintiff, | ) | JOINT PRETRIAL CONFERENCE |
| | ) | STATEMENT |
| vs. | ) | |
| | ) | |
| | ) | Pretrial Conference: July 16, 2015 |
| | ) | Time: 2:00 p.m. |
| DOUGLAS STORMS YORK, | ) | |
| | ) | Trial Date: July 20, 2015 |
| Defendant. | ) | |
| | ) | **Honorable Beth Labson Freeman** |

Defendant Douglas Storms York is charged in a one count indictment with False Impersonation of an Employee of the United States in violation of 18 U.S.C. § 912.  Mr. York, by and through Assistant Federal Public Defender Graham Archer, and the United States, by and through Special Assistant United States Attorney Brianna Penna submit this joint pretrial conference statement pursuant to Criminal Local Rule 17.1-1 for the Court's consideration in advance of the pretrial conference set for July 16, 2015.

\\\

**(1)     Disclosure of Jencks Act material**

The parties will provide Jencks Act disclosure in accordance with Rule 26.2 of the Federal Rules of Criminal Procedure.

**(2)     Disclosure of grand jury testimony**

The defense filed a motion *in limine* requesting the Court to direct the government to produce grand jury transcripts if a witness who likely will testify at the trial of Mr. York also is likely to have testified before the grand jury.  Fed. R. Crim. Proc. 26.2(f)(3).  The government provided a transcript of the grand jury testimony of Agent Donna Aguirre on July 8, 2015.

The defense requests that the government make any additional transcripts available in advance of trial in order to facilitate the orderly presentation of evidence and to remove any need for recess in the proceedings for defense counsel to examine the statements pursuant to Federal Rule of Criminal Procedure 26.2(d).  To the extent that the Government does not provide all of the grand jury testimony prior to trial, the defense requests that the Court order the disclosure of the grand jury testimony of any additional persons which the Government calls as a witness pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i).

**(3)     Disclosure of *Brady* evidence**

The defense does not presently have reason to doubt the government's compliance to date with its *Brady* obligation.  The defense anticipates that the government will have completed its *Henthorn* inquiry sufficiently in advance of trial to permit the defense to make use of any impeachment materials disclosed.

**(4)     Stipulation of facts**

As of the date of this filing, the parties have not entered into any stipulations.  The parties will meet to discuss potential stipulations prior to trial.  If any stipulations are agreed upon, the parties will notify the Court in advance of trial.

**(5)     Appointment by the Court of interpreters**

The parties are not aware of any witnesses that require the assistance of an interpreter.

**(6)      Dismissal of counts and elimination of certain defenses**

Mr. York is currently charged in a single count.  The defense will not present evidence of insanity or alibi or argue a violation of the statute of limitations.

**(7)      Joinder or severance as to any co-defendant**

Mr. York is the sole defendant charged in this matter.

**(8)      Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness; etc.**

The government has filed a motion *in limine* to introduce evidence of prior bad acts and prior convictions of Mr. York under Federal Rule of Evidence 404(b).  The defense will file a written opposition to the government's motion asking the Court to exclude any prior bad acts and prior conviction evidence.

**(9)      Pretrial exchange of lists of witnesses, except those who may be called only for impeachment or rebuttal**

The parties have not disclosed any witness lists.  The parties will provide witness lists prior to the pretrial conference.  The defense will provide a list for witnesses it may call in its case-in-chief.  The defense reserves the right to call additional witnesses for rebuttal and/or impeachment of evidence presented by the government.

**(10)     Pretrial exchange of documents and exhibits, except materials that may be used only for impeachment or rebuttal**

The parties will meet and confer to disclose any exhibits, summaries charts, etc. that will be introduced in its case in chief pursuant to the Court's standing order.

The defense anticipates that the majority of its case will be based upon the government's witnesses and the materials that have been provided to the defense through discovery.  The defense investigation is ongoing, and to the extent that it obtains documents, records or exhibits, it will disclose those it intends to use at trial for purposes other than impeachment or rebuttal.

\\\

**(11)    Pretrial resolution of objections to exhibits or testimony**

As noted above, the parties will meet and confer prior to the Pretrial conference in order to inspect any evidence and trial exhibits.  After the parties have inspected and copied the evidence and exhibits, they will be able to determine what objections, if any, they have to these exhibits and which, if any, exhibits they intend to introduce in their case in chief.  As of the date of this filing, the defense has no exhibits it intends to introduce at trial for purposes other than rebuttal or impeachment, but its investigation is continuing.

**(12)    Preparation of trial briefs on controverted points of law**

The parties have separately filed motions *in limine* on July 2, 2015.  The parties will file their objections to the motions *in limine* concurrently with this pretrial conference statement. If any further issues arise at the pretrial conference, the parties will request to submit additional briefing on those issues.

**(13)    Scheduling of the trial and witnesses**

The parties do not anticipate the trial exceeding the time currently allotted.

**(14)    Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, voir dire questions, exercise of peremptory and cause challenges and jury instructions**

The parties will jointly submit the proposed voir dire questions for the Court's examination of prospective jurors.  The defense and the government both request the opportunity to independently question the prospective jurors pursuant to Rule 24(a)(2)(A).

The parties will submit their requested jury instructions concurrently with this pretrial conference statement pursuant to the Court's standing order.

///

///

///

///

///

**(15)    Other matters tending to promote a fair and expeditious trial**

The parties have no other matters to address at this time.

Respectfully submitted,

Dated: July 9, 2015

___/s/_____
GRAHAM ARCHER
Assistant Federal Public Defender

Dated: July 9, 2015

___/s/_____
BRIANNA PENNA
Special Assistant United States Attorney

Joint Pretrial Conference Statement
CR 15-00226 BLF                              5