STEVEN G. KALAR
Federal Public Defender
GRAHAM ARCHER
Assistant Federal Public Defender
55 South Market Street, Suite 820
San Jose, CA 95113
Telephone:  (408) 291-7753
Graham_Archer@fd.org

Counsel for Defendant DOUGLAS STORMS YORK

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 15-00226 BLF |
| Plaintiff, | DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* NO. 1 |
| vs. | |
| DOUGLAS STORMS YORK, | Pretrial Conference: July 16, 2015<br>Time: 2:00 p.m. |
| Defendant. | Trial Date: July 20, 2015 |
| | **Honorable Beth Labson Freeman** |

The defense respectfully submits its opposition to government's Motion *in Limine* No. 1.

**I.      The Government Has Failed to Provide Adequate Notice Under Rule 404(b)**

Rule 404(b) requires the government to give "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, the general nature" of any other-acts evidence it intends to introduce at trial. United States v. Vega, 188 F.3d 1150, 1152-53 (9th Cir. 1999).  See also Crim. L.R. 16-1(c)(3) (requiring government to provide "a summary of any evidence" it intends to offer under Rule 404(b), "supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the

1   proffered evidence."); see also United States v. Mayans, 17 F.3d 1174, 1183 (9th Cir. 1994).

2   The Court may "decide that the particular request or notice was not reasonable, either because of

3   lack of timeliness or completeness." Fed. R. Evid. 404(b) (advisory comm. notes to 1991

4   amendments). Failure to provide adequate notice renders the other acts evidence inadmissible,

5   whether the evidence is used in the prosecution's case-in-chief, for impeachment, or in rebuttal.

6   Vega, 188 F.3d at 1153-54.

7       The government's notice is both untimely and inadequate. The defense requested notice

8   of any 404(b) evidence in its May 14, 2015 discovery letter. See Exhibit A. The government

9   failed to provide any notice until its July 2, 2015 motion in limine. In addition, the government

10  has not provided the defense with any court records concerning the alleged 2001 and 2012 prior

11  convictions, or a RAP sheet. This evidence should be excluded based on untimely notice.

12      Even if the government's notice were timely, the evidence should still be excluded

13  because the notice is inadequate. The government bears the burden of showing that the evidence

14  "is relevant to one or more issues in the case; specifically, it must articulate precisely the

15  evidential hypothesis by which a fact of consequence may be inferred from the other acts

16  evidence." United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (citations omitted);

17  see also United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993) (quoting Mehrmanesh);

18  United States v. Arambula-Ruiz, 987 F.2d 599, 602-03 (9th Cir. 1993) (same); United States v.

19  Alfonso, 759 F.2d 728, 739 (9th Cir. 1985) (same).

20      Here, the government has provided only a generic assertion that the prior acts of

21  harassment are admissible as evidence of Mr. York's intent, preparation, plan, knowledge,

22  identity and absence of mistake or accident. See Govt. Mot. in Limine No. 1 ("GMIL 1") at 4.

23  At least three of these – intent, knowledge, and absence of mistake or accident – are plainly

24  irrelevant here. Neither intent nor knowledge is an element of the offense, and a claim of

25  mistake or accident is not a defense. Even as to the other alleged bases, the government has

26  failed to "articulate precisely the evidential hypothesis by which a fact of consequence may be

inferred from the other acts evidence." <u>Mayans</u>, 17 F.3d at 1181. As a result, this Court cannot "clearly, simply, and correctly instruct the jury as to the *specific* purpose for which they may consider the evidence." <u>United States v. Curtin</u>, 489 F.3d 935, 958 (9th Cir. 2007).

## II. The Government Has Not Met Its Burden Under Rule 404(b)

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Exceptions to this rule are disfavored; "the use of such evidence must be narrowly circumscribed and limited." <u>United States v. Bailleux</u>, 685 F.2d 1105, 1109 (9th Cir. 1982). This is particularly true in criminal cases, because of "the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is." <u>Mayans</u>, 17 F.3d at 1181.

Prior bad acts evidence is inadmissible unless: "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." <u>United States v. Vizcarra-Martinez</u>, 66 F.3d 1006, 1013 (9th Cir. 1995). The government cannot satisfy these requirements.

First, the evidence does not tend to prove any material point. To obtain a conviction under § 912, the government must prove two elements: (1) that Mr. York falsely pretended to be an IRS employee; and (2) that he acted as such. <u>See</u> 18 U.S.C. § 912. Whether Mr. York previously harassed the victims, violated a restraining order, or committed domestic violence has no bearing on either element. Second, the government has failed to meet its burden of demonstrating that the prior acts are not too remote. The government does not even identify when most of the proffered acts occurred. <u>See</u> GMIL 1 at 1:27-2:5. The alleged prior conviction for inflicting corporal injury on a spouse was in 2001, more than a decade prior to the events alleged here. And while the government alleges that there was a conviction in 2012, the government has failed to produce any documentation. Finally, the government has failed to provide this Court with any evidence to support a finding that Mr. York committed the prior acts.

Even if the government could meet these requirements, the evidence should be excluded under Rule 403 because it is more prejudicial than probative. The probative value of this evidence is negligible because the government has non-404(b) evidence, including cell phone records and credit card records, which may logically connect Mr. York to the phone call. At the same time, the evidence is profoundly prejudicial, for many of the same reasons that the government seeks to exclude evidence of the victim's prior bad acts. Allowing the government to paint Mr. York as an abusive convicted criminal would be unfairly prejudicial.

### III.  The Prior Bad Acts Are Not Inextricably Intertwined with the Offense

The government contends that evidence it seeks to offer is "inextricably intertwined" with the charged offense. It is not. This is not a case like United States v. Soliman, 813 F.2d 277 (9th Cir. 1987), on which the government relies. In Soliman, the offense conduct and the prior bad acts were all part of the same mail fraud scheme, and were "committed in a single criminal episode." See id. at 278-79. Here, by contrast, the government seeks to patch together a variety of actions, occurring at different times, under a general label of "harassment." There is no suggestion that Mr. York engaged in the same conduct (impersonating a federal agent) on any prior occasion. Finally, there is no need to tell the jury a "comprehensive story" in this case. The charge is straightforward and easy for a jury to understand without an elaborate backstory. Accordingly, the Court should deny the government's motion to introduce prior acts of harassment and prior convictions.

Dated: July 9, 2015

                                         Respectfully submitted,

                                         STEVEN G. KALAR
                                         Federal Public Defender

                                         /s/
                                         GRAHAM ARCHER
                                         Assistant Federal Public Defender