MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

BRIANNA L. PENNA (CABN 290444)
JEFFREY SCHENK (CABN 234355)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    Brianna.penna@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-15-00226-BLF |
| Plaintiff, | UNITED STATES' OPPOSITIONS TO DEFENSE MOTIONS IN LIMINE |
| v. | |
| DOUGLAS YORK, | Trial Date:   July 20, 2015<br>Time:   9:00 a.m.<br>Courtroom:   Hon. Beth Labson Freeman |
| Defendant. | |

The United States hereby respectfully submits the following oppositions to Defense Motions *in Limine*.

**I.   OPPOSITIONS TO DEFENDANT'S MOTIONS IN LIMINE**

    A.  **Designating All Government Witnesses as Under Defense Subpoena.**

The government opposes designating all released government witnesses to be considered under defense subpoena. A blanket subpoena of the government's witnesses should not be issued and does not conform with Federal Rule of Criminal Procedure 17(b). The plain language of the rule provides that the court must issue a subpoena for an indigent defendant when the witness is named and there is a

showing of the necessity for the "witness's presence for an adequate defense." Fed. R. Crim. P. 17(b). The defendant does not have the right to subpoena any witness he wants, but must show whether the witness would be relevant and helpful. *United States v. Torres Lopez*, 851 F.2d 520, 527 (1st Cir. 1988). The witness must be named or otherwise identified and the defendant has the burden to show the witness will be "relevant, material, and useful to an adequate defense." *United States v. Barker*, 552 F.2d 1013, 1020 (6th Cir. 1977). A blanket subpoena of all government witnesses provides neither identification, nor a sufficient showing of necessity for the witnesses. Placing government witnesses under defense subpoena without any justifiable reason cannot be supported by the rules or the adversarial nature of the system. The government will alleviate any concerns of unavailability by informing the defendant of release of any government witness. The defendant then may subpoena any witness that he believes is pertinent to an adequate defense.

### B. Requirement for the Case Agent to Testify First.

The government opposes the defendant's request for the government's case agent to testify first. The order and presentation of the government's evidence should not be dictated by the defendant. In *United States v. Machor* the court rejected the defendant's argument that the case agent should have testified first because there was no good reason and the government wanted to present evidence chronologically. *United States v. Machor*, 879 F.2d 945, 954 (1st Cir. 1989). The government in this case should be given similar discretion to present its evidence in the order it desires. The court has considerable discretion in controlling the mode and order of interrogating witnesses during trial. Fed. R. Evid. 611(a). The discretion afforded the court is to ascertain the truth and to avoid confusing the jury or trier of fact. However, the "discretion should be used sparingly and good reason should exist before the court intervenes in what is essentially a matter of trial strategy." *Id*. Forcing the case agent to testify first would interfere with the government's ability to define its own trial strategy.

### C. Precluding the Government from Cross-Examining Defense Witnesses with "Guilt Assuming" Questions and Hypotheticals.

In the government's view, the proper time for defense's argument is not through a motion *in limine*. Rather, if an inappropriate hypothetical is asked at trial, defense can object to government questioning at that time.

UNITED STATES' OPPOSITIONS TO DEFENSE MOTIONS IN LIMINE
CR-15-00226-BLF

In reply, the government opposes the broad scope and indefiniteness of the order sought by the defendant. The government should not be precluded from asking all defense witness hypothetical questions. The scope of the order should be narrowed to specify defense character witnesses only. Additionally, the scope of guilt assuming questions should be cabined to those that "assume the guilt of the accused in the very case at bar." *United States v. Guzman*, 167 F.3d 1350, 1352 (11th Cir. 1999). In *United States v. Russo*, the government was permitted to ask a character witness about the current charges because defense counsel had "opened the door" on direct examination. *United States v. Russo*, 110 F.3d 948, 953 (2nd Cir. 1997). Since there is not a complete bar to using information about the current charges on cross examination, the government should not be precluded from questioning defense witnesses with "guilt assuming" hypotheticals. Additionally, the Ninth Circuit has found it permissible to use facts already presented to the jury by the defense in questioning character witnesses about their opinion of the defendant's acts. *United States v. Velasquez*, 980 F.2d 1275, 1277 (9th Cir. 1992). In that case the prosecutor's question regarding whether the character witness agreed that a bank robbery involving a fake hand grenade was a violent act was permissible. *Id*. The court did not consider the question to be a guilt assuming hypothetical because it "asked the witness how they would interpret the acts." *Id*. The prohibition of guilt assuming questions and hypotheticals should be sufficiently narrowed to apply only to defense character witnesses and to questions that presume the defendant's guilt as noted above.

DATED: July 9, 2015

Respectfully submitted,

MELINDA HAAG
United States Attorney

  /s/
BRIANNA L. PENNA
JEFF SCHENK
Assistant United States Attorneys

UNITED STATES' OPPOSITIONS TO DEFENSE MOTIONS IN LIMINE
CR-15-00226-BLF