MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

BRIANNA L. PENNA (CABN 290444)
JEFFREY SCHENK (CABN 234355)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5061
FAX: (408) 535-5066
Brianna.penna@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. CR-15-00226-BLF |
| Plaintiff, | ) |
| | ) PARTIES' JOINT PROPOSED JURY |
| | ) INSTRUCTIONS |
| v. | ) |
| | ) Trial Date:   July 20, 2015 |
| DOUGLAS YORK, | ) Time:       9:00 a.m. |
| | ) Courtroom:   Hon. Beth Labson Freeman |
| Defendant. | ) |

The United States, by and through Special Assistant United States Attorney Brianna Penna, and the defendant Douglas Storms York, by and through Assistant Federal Public Defender Graham Archer submit this joint set of proposed jury instructions. There are five instructions in dispute. Depending on the evidence at trial, as well as government's superseding indictment, additional instructions may be required and leave is respectfully requested to include additional instructions as may become appropriate.

**PRELIMINARY, GENERAL, AND CONCLUDING INSTRUCTIONS**

| NINTH CIRCUIT MODEL JURY NO. | INSTRUCTIONS | DESCRIPTION |
|---|---|---|
| 1 | 1.1 | DUTY OF JURY |
| 2 | 1.2 | **Disputed- Government Offered-**<br>**THE CHARGE–PRESUMPTION OF INNOCENCE** |
| 2 | | **Disputed- Defense Offered**<br>**THE CHARGE–PRESUMPTION OF INNOCENCE** |
| 3 | 1.3 | WHAT IS EVIDENCE |
| 4 | 1.4 | WHAT IS NOT EVIDENCE |
| 5 | 1.5 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 6 | 1.6 | RULING ON OBJECTIONS |
| 7 | 1.7 | CREDIBILITY OF WITNESSES |
| 8 | 1.8 | CONDUCT OF THE JURY |
| 9 | 1.9 | NO TRANSCRIPT AVAILABLE TO JURY |
| 10 | 1.10 | TAKING NOTES |
| 11 | 1.11 | OUTLINE OF TRIAL |
| 12 | 2.1 | CAUTIONARY INSTRUCTION–FIRST RECESS |
| 13 | 2.2 | BENCH CONFERENCES AND RECESSES |
| 14 | 2.4 | STIPULATIONS OF FACT |
| 15 | 2.7 | TRANSCRIPT OF RECORDINGS |
| 16 | 3.1 | DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW |
| 17 | 3.2 | CHARGE AGAINST DEF. NOT EVIDENCE/PRESUMPTION OF INNOCENCE/BURDEN OF PROOF |
| 18 | 3.3 | **Disputed- Government Offered-**<br>**DEFENDANT'S DECISION NOT TO TESTIFY** |
| 18 | | **Disputed- Defense Offered-**<br>**DEFENDANT'S DECISION NOT TO TESTIFY** |
| 19 | 3.4 | **Disputed- Government Offered-**<br>**DEFENDANT'S DECISION TO TESTIFY** |

| 19 | | Disputed- Defense Offered-<br>**DEFENDANT'S DECISION NOT TO TESTIFY** |
|----|----|----|
| 20 | 3.5 | Disputed- Government Offered-<br>**REASONABLE DOUBT DEFINED** |
| 20 | | Disputed- Defense Offered-<br>**PRESUMPTION OF INNOCENCE/REASONABLE DOUBT** |
| 21 | 3.6 | WHAT IS EVIDENCE |
| 22 | 3.7 | WHAT IS NOT EVIDENCE |
| 23 | 3.8 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 24 | 3.9 | CREDIBILITY OF WITNESSES |
| 25 | 3.10 | ACTIVITIES NOT CHARGED |
| 26 | 4.1 | STATEMENTS BY THE DEFENDANT |
| 27 | 4.14 | OPINION EVIDENCE, EXPERT WITNESS |
| 28 | 8.5 | Disputed- Government Offered<br>**ELEMENTS OF THE OFFENSE** |
| 28 | | Disputed- Defense Offered<br>**ELEMENTS OF THE OFFENSE** |
| 29 | 7.1 | DUTY TO DELIBERATE |
| 30 | 7.2 | CONSIDERATION OF EVIDENCE |
| 31 | 7.3 | USE OF NOTES |
| 32 | 7.4 | JURY CONSIDERATION OF PUNISHMENT |
| 33 | 7.5 | VERDICT FORM |
| 34 | 7.6 | COMMUNICATION WITH COURT |

The following proposed instructions may be applicable.  Depending on the evidence at trial, additional instructions may be required and leave is respectfully requested to include additional instructions as may become appropriate:

| | 2.3 | STIPULATED TESTIMONY |
|----|----|----|
| | 2.5 | JUDICIAL NOTICE |
| | 2.10 | OTHER ACTS OF THE DEFENDANT |

2.11      EVIDENCE FOR A LIMITED PURPOSE

3.11      SEPARATE CONSIDERATION OF MULTIPLE COUNTS

4.3       OTHER CRIMES, WRONGS, OR ACTS OF THE DEFENDANT

4.4       CHARACTER OF THE DEFENDANT

4.6       IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT

4.7       CHARACTER OF WITNESS FOR TRUTHFULLNESS

4.8       IMPEACHMENT EVIDENCE

4.13      MISSING WITNESS

Case5:15-cr-00226-EJD   Document37   Filed07/09/15   Page5 of 45

**STIPULATED INSTRUCTION NO. 1
RE:  DUTY OF JURY**

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed [written] instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be☐that is entirely up to you.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.1 [2010 Edition - West Publishing Co.]

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS
CR-15-00226-BLF                              5

**DISPUTED INSTRUCTION NO. 2
RE: THE CHARGE – THE PRESUMPTION OF INNOCENCE
GOVERNMENT OFFERED**

This is a criminal case brought by the United States government. The government charges the defendant with False Impersonation of a Federal Officer or Employee.  The charges against the defendant are contained in the indictment. The indictment simply describes the charge[s] the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.2 [2010 Edition - West Publishing Co.]

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS
CR-15-00226-BLF                                    6

**DISPUTED INSTRUCTION NO. 2**
**RE: THE CHARGE – THE PRESUMPTION OF INNOCENCE**
**DEFENSE OFFERED**

This is a criminal case brought by the United States government.  The government charges Mr. York by indictment with False Impersonation of an employee of the United States.  The indictment is simply the description of the charge made by the government against Mr. York; it is not evidence of anything.

Mr. York has pleaded not guilty to the charge and is presumed innocent unless and until proved guilty beyond a reasonable doubt.  Mr. York has the right to remain silent and never has to prove innocence or present any evidence.  The government always carries the burden of proof beyond a reasonable doubt

In order to prove that the Mr. York is guilty of false impersonation of an employee of the United States, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. York falsely pretended to be an employee of the United States, and;

Second, Mr. York acted in such a manner as an employee of the United States.

NINTH CIRCUIT MODEL JURY INSTRUCTION, 8.50 (2010); 18 U.S.C. § 912.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED INSTRUCTION NO. 3**
**RE: WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

 (1) the sworn testimony of any witness; and

 (2) the exhibits which are received in evidence; and

 (3) any facts to which the parties agree.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.3 [2010 Edition - West Publishing Co.]

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS
CR-15-00226-BLF        8

**STIPULATED INSTRUCTION NO. 4**
**RE: WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

      (1)     statements and arguments of the attorneys;

      (2)     questions and objections of the attorneys;

      (3)     testimony that I instruct you to disregard; and

      (4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.4 [2010 Edition - West Publishing Co.]

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS
CR-15-00226-BLF                                        9

**STIPULATED INSTRUCTION NO. 5**
**RE: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.5 [2010 Edition - West Publishing Co.]

**STIPULATED INSTRUCTION NO. 6**
**RE: RULING ON OBJECTIONS**

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.6 [2010 Edition - West Publishing Co.]

**STIPULATED INSTRUCTION NO. 7**
**RE: CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.7 [2010 Edition - West Publishing Co.]

**STIPULATED INSTRUCTION NO. 8**
**RE: CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions

jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.8 [2010 Edition - West Publishing Co.]

**STIPULATED INSTRUCTION NO. 9**
**RE: NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.9 [2010 Edition - West Publishing Co.]

**STIPULATED INSTRUCTION NO. 10**
**RE: TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.10 [2010 Edition - West Publishing Co.]

1

2

**STIPULATED INSTRUCTION NO. 11**
**RE: OUTLINE OF TRIAL**

3

The next phase of the trial will now begin.  First, each side may make an opening statement.  An

4

opening statement is not evidence.  It is simply an outline to help you understand what that party expects

5

the evidence will show.  A party is not required to make an opening statement.

6

The government will then present evidence and counsel for the defendant may cross-examine.

7

Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

8

After the evidence has been presented, [I will instruct you on the law that applies to the case and

9

the attorneys will make closing arguments] [the attorneys will make closing arguments and I will

10

instruct you on the law that applies to the case].

11

After that, you will go to the jury room to deliberate on your verdict.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.11 [2010 Edition - West Publishing Co.]

28

**STIPULATED INSTRUCTION NO. 12**
**RE: CAUTIONARY INSTRUCTION—FIRST RECESS**

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 2.1 [2010 Edition - West Publishing Co.]

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS
CR-15-00226-BLF                                        18

**STIPULATED INSTRUCTION NO. 13**
**RE: BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 2.2 [2010 Edition - West Publishing Co.]

**STIPULATED INSTRUCTION NO. 14**
**RE: STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 2.4 [2010 Edition - West Publishing Co.]

1

2

**STIPULATED INSTRUCTION NO.**
**RE: TRANSCRIPT OF RECORDING**

3

4

You heard recordings that were received in evidence.  Transcript of those recordings were

provided to you to help you identify speakers and to help you decide what the speakers were saying.

5

6

Remember that the recordings are the evidence, not the transcripts. If you heard something different

from what appeared in those transcripts, what you heard is controlling.  Because the transcripts will not

7

8

be available to you during your deliberations, if you feel the need to hear the recordings again, let us

know and we can replay them for you in open court.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for
the Ninth Circuit, § 2.7 [2010 Edition - West Publishing Co.]

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS
CR-15-00226-BLF                                    21

**STIPULATED INSTRUCTION NO. 16**
**RE: DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.1 [2010 Edition - West Publishing Co.]

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS
CR-15-00226-BLF                                   22

**STIPULATED INSTRUCTION NO. 17**
**RE: CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF**
**INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.2 [2010 Edition - West Publishing Co.]

**DISPUTED INSTRUCTION NO. 18 [If applicable]**
**RE: DEFENDANT'S DECISION NOT TO TESTIFY**
**GOVERNMENT OFFERED**

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.3 [2010 Edition - West Publishing Co.]

**DISPUTED INSTRUCTION NO. 18 [If applicable]**
**RE: DEFENDANT'S DECISION NOT TO TESTIFY**
**DEFENSE OFFERED**

Mr. York did not testify (or present evidence) in this case.   In a criminal case, a defendant has a constitutional right not to testify or to present any evidence.   The burden of proof remains with the government throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that Mr. York did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that he did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

United States v. Castaneda, 94 F.3d 592, 596 (9th Cir. 1996);  Carter v. Kentucky, 450 U.S. 288 (1981); Shults v. Whitley, 982 F.2d 361 (9th Cir. 1992); NINTH CIRCUIT MODEL JURY INSTRUCTION, 3.3 (2010) (MODIFIED)

1

2

3

**DISPUTED INSTRUCTION NO. 19 [If applicable]**
**RE: DEFENDANT'S DECISION TO TESTIFY**
**GOVERNMENT OFFERED**

4

5

The defendant has testified.  You should treat this testimony just as you would the testimony of

6

any other witness.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for
the Ninth Circuit, § 3.4 [2010 Edition - West Publishing Co.]

**DISPUTED INSTRUCTION NO. 19 [If applicable]**
**RE: DEFENDANT'S DECISION NOT TO TESTIFY**
**DEFENSE OFFERED**

Mr. York has testified. You should treat his testimony just as you would the testimony of any other witness. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

NINTH CIRCUIT MODEL JURY INSTRUCTION, 3.4 (2010)(modified).

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS
CR-15-00226-BLF                                    27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISPUTED INSTRUCTION NO. 20**
**RE: REASONABLE DOUBT—DEFINED**
**GOVERNMENT OFFERED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.5 [2010 Edition - West Publishing Co.]

## DISPUTED INSTRUCTION NO. 20
## RE: REASONABLE DOUBT—DEFINED
## DEFENSE OFFERED

You are instructed that you must presume Mr. York to be innocent of the crimes charged.  Thus Mr. York, although accused of a crime in the indictment, begins the trial with a "clean slate"-with no evidence against him.  The indictment, as you already know, is not evidence of any kind.  Mr. York is not on trial for any act or crime not contained in the indictment.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against Mr. York. The presumption of innocence alone, therefore, is sufficient for you to find Mr. York not guilty.

The burden is always on the government to prove guilt beyond a reasonable doubt. The burden never shifts to Mr. York for the law never imposes upon the Defendant in a criminal case the burden or duty of calling any witnesses, producing any evidence, or taking the stand to testify.  Mr. York is not even obligated to produce any evidence by cross-examining the witness for the government.

It is required that the government prove guilt beyond a reasonable doubt.  A reasonable doubt is doubt based upon reason and common sense-the kind of doubt that would make a reasonable person hesitate to act.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced Mr. York is guilty.

Unless the government proves, beyond a reasonable doubt, that Mr. York has committed each and every element of the offense charged in the indictment, you must find him not guilty of the offense. If the jury views the evidence in the case as permitting either of two conclusions-one of innocence, and the other guilty-the jury must, of course adopt the conclusion of innocence.

The Ninth Circuit has expressly approved a reasonable doubt instruction that informs the jury that the jury must be "firmly convinced" of the defendant's guilt. *United States v.  Velasquez*, 980 F.2d 1275, 1278 (9th Cir. 1992); *Victor v. Nebraska*, 511 U.S. 1, 5 (1994); see also *Lisenbee v. Henry*, 166 F.3d 997, 999 (9th Cir. 1999); NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS 3.5 (2010).

**STIPULATED INSTRUCTION NO. 21**
**RE: WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness; and

(2)     the exhibits received in evidence; and

(3)     any facts to which the parties have agreed.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.6 [2010 Edition - West Publishing Co.]

**STIPULATED INSTRUCTION NO. 22**
**RE: WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.7 [2010 Edition - West Publishing Co.]

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS
CR-15-00226-BLF                    31

**STIPULATED INSTRUCTION NO. 23**
**RE: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.8 [2010 Edition - West Publishing Co.]

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS
CR-15-00226-BLF                    32

**STIPULATED INSTRUCTION NO. 24**
**RE: CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.9 [2010 Edition - West Publishing Co.]

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS
CR-15-00226-BLF                    33

1

2

**STIPULATED INSTRUCTION NO. 25**
**RE: ACTIVITIES NOT CHARGED**

3

4

     You are here only to determine whether the defendant is guilty or not guilty of the charges in the

indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for
the Ninth Circuit, § 3.10 [2010 Edition - West Publishing Co.]

27

28

**STIPULATED INSTRUCTION NO. 26**
**RE: STATEMENTS BY THE DEFENDANT**

You have heard testimony that the defendant made statements. It is for you to decide (1) whether the defendant made the statements, and (2) if so, how much weight to give to them. In making those decisions, you should consider all the evidence about the statements, including the circumstances under which the defendant may have made them.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 4.1 [2010 Edition - West Publishing Co.]

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS
CR-15-00226-BLF                              35

1

2

**STIPULATED INSTRUCTION NO. 27**
**RE: OPINION EVIDENCE, EXPERT WITNESS**

3

4

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

5

6

7

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 4.14 [2010 Edition - West Publishing Co.]

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS
CR-15-00226-BLF                                    36

**DISPUTED INSTRUCTION NO. 28**
**RE: FALSE IMPERSONATION OF FEDERAL OFFICER OR EMPLOYEE – ELEMENTS**
**GOVERNMENT OFFERED**

The defendant is charged in Count One of the Indictment with fraud while impersonating a federal officer or employee in violation of Sections 912 of Title 18 of the United States Code.  In order to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant falsely pretended to be an officer or employee acting under the authority of the United States Internal Revenue Service, and;

Second, the defendant acted as such.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 8.50 [2010 Edition - West Publishing Co.]

**DISPUTED INSTRUCTION NO. 28**
**RE: FALSE IMPERSONATION OF FEDERAL OFFICER OR EMPLOYEE – ELEMENTS**
**DEFENSE OFFERED**

Mr. York is charged in Count One of the Indictment with fraud while impersonating a federal employee in violation of Title 18, section 912 of the United States Code.

In order for Mr. York to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. York falsely pretended to be an employee acting under the authority of the United States Internal Revenue Service;

Second, Mr. York acted in such a manner as an employee of the United States Internal Revenue Service; and

Third, Mr. York acted with the intent to defraud.

NINTH CIRCUIT MODEL JURY INSTRUCTION, 8.50 (2010) (MODIFIED); ** Mr. York requests the third element to preserve his right to appeal due to a Circuit split on the issue of intent to defraud. *See United States v. Tomsha-Miguel*, 766 F.3d 1041,1050 (9th Cir. 2014) (holding there is no requirement for government to establish intent to defraud under 18 U.S.C. sec. 912, but noting Circuit split on the issue).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED INSTRUCTION NO. 29**
**RE: DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.1 [2010 Edition - West Publishing Co.]

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS
CR-15-00226-BLF                              39

**STIPULATED INSTRUCTION NO. 30**
**RE: CONSIDERATION OF EVIDENCECCONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.2 [2010 Edition - West Publishing Co.]

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS
CR-15-00226-BLF                    40

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED INSTRUCTION NO. 31**
**RE: USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.3 [2010 Edition - West Publishing Co.]

1
2
3

**STIPULATED INSTRUCTION NO. 32
RE: JURY CONSIDERATION OF PUNISHMENT**

4

The punishment provided by law for this crime is for the court to decide.  You may not consider

5  punishment in deciding whether the government has proved its case against the defendant beyond a

6  reasonable doubt.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for
the Ninth Circuit, § 7.4 [2010 Edition - West Publishing Co.]

**STIPULATED INSTRUCTION NO. 33**
**RE: VERDICT FORM**

A verdict form has been prepared for you. [*Explain verdict form as needed*.]  After you have reached unanimous agreement on a verdict, your foreperson should  complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.5 [2010 Edition - West Publishing Co.]

**STIPULATED INSTRUCTION NO. 34**
**RE: COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

1    DATED:  July 9, 2015                    Respectfully submitted,

2                                            MELINDA HAAG
                                             United States Attorney
3
                                             _____/s/_____
4                                            BRIANNA L. PENNA
                                             JEFFREY SCHENK
5                                            Assistant United States Attorneys

6    DATED:  July 9, 2015                    _____/s/_____

7                                            GRAHAM ARCHER
                                             Assistant Federal Public Defender
8

9

10

11

12

13

14

15

16

17

18   Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for
     the Ninth Circuit, § 7.6 [2010 Edition - West Publishing Co.]
19

20

21

22

23

24

25

26

27

28