STEVEN G. KALAR
Federal Public Defender
GRAHAM ARCHER
Assistant Federal Public Defender
55 S. Market Street, Suite 820
San Jose, CA  95113
Telephone: (408) 291-7753
Graham_Archer@fd.org

Counsel for Defendant, DOUGLAS STORMS YORK

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 15-00226 EJD |
| | ) | |
| Plaintiff, | ) | DEFENDANT DOUGLAS STORMS |
| | ) | YORK'S PROPOSED JURY |
| | ) | INSTRUCTIONS REGARDING COUNT |
| vs. | ) | ONE |
| | ) | |
| | ) | |
| DOUGLAS STORMS YORK, | ) | Trial Date: August 25, 2015 |
| | ) | |
| Defendant. | ) | |
| | ) | **Honorable Edward J. Davila** |

Defendant Douglas Storms York, by and through Assistant Federal Public Defender Graham Archer, submits these proposed jury instructions regarding count one for the Court's consideration.

Dated: August 26, 2015                          Respectfully submitted,

                                                STEVEN G. KALAR
                                                Federal Public Defender

                                                 /s/
                                                GRAHAM ARCHER
                                                Assistant Federal Public Defender

Def.'s Proposed Jury Instructions Re: Count One
CR 15-00226 EJD                          1

**Defendant York's Instruction Re: Count One - First Element of Offense**

**INTENT AND MATERIALITY REQUIREMENT**

Mr. York is charged in Count One of the Indictment with fraud while impersonating a federal employee in violation of Title 18, section 912 of the United States Code.

With regard to the first element of this offense, which requires the government to prove that Mr. York falsely pretended to be an employee acting under the authority of the United States Internal Revenue Service, the government must prove beyond a reasonable doubt that Mr. York, by artifice and deceit, sought to cause Mr. Hessenflow to follow some course that he would not have pursued but for the deceitful conduct.

Additionally, the government must prove beyond a reasonable doubt materiality: either that the statement was capable of influencing Mr. Hessenflow or that Mr. York had an expectation that Mr. Hessenflow would actually or reasonably rely on the statement.

*Neder v. United States*, 527 U.S. 1, 23 (1999) (in fraud statute, court "must presume that Congress intended to incorporate materiality unless the statute otherwise dictates")("Materiality" focuses on whether the statement or scheme had the natural tendency to influence or was capable of influencing the intended victim"). *See Neder v. United States*, 527 U.S. 1, 16, 119 S.Ct. 1827; 144 L.Ed.2d 35 (1999); *U.S. v. Watkins*, 278 F.3d 961, 964-65 (9th Cir. 2002) (court must examine settled meaning of statutory language in fraud statute under common law); *Watkins*, 278 F.3d at 968 (stating that because statute requires intent to defraud or mislead, it "presupposes a desired effect on a third party, an effect best understood as an expectation of reliance, we conclude as a matter of plain meaning that materiality is an element of the felony misbranding offense"); *Watkins*, 278 F.3d at 966 ("one still cannot 'intend to mislead' another by means of a misrepresentation without having an expectation that the recipient would actually or reasonably rely on it"); *Watkins*, 278 F.3d at 964-65 (in mislabling statute, defendant successfully argued that government must prove "(1) the misrepresentation would have a material effect on any decision to buy or consume the product, or (2) the person who makes the misrepresentation has reason to believe that the misstatement would induce the reliance of others in making those decisions").

*United States v. Lepowitch*, 318 U.S. 702 (1943) (holding that predecessor statute to section 912 requires that a defendant have, by artifice and deceit, sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct; thus, separate statutory element of "intent to defraud" was redundant)), *superseded by statute* to delete redundant "intent to defraud" language, *see* 62 Stat. 742 (1948), 18 U.S.C.A. § 912, Historical and Statutory Notes ("The words 'with the intent to defraud the United States or any person', contained in said § 76 of Title 18, U.S.C., 1940 ed., were omitted as meaningless in view of United States v. Lapowich [sic], 63 S.Ct. 914.").

**Defendant York's Limiting Instruction Re: Count One - Second Element of Offense**

**REQUIREMENT OF ADDITIONAL ACT**

Mr. York is charged in Count One of the Indictment with fraud while impersonating a federal employee in violation of Title 18, section 912 of the United States Code.

With regard to the second element of this offense, that Mr. York acted in such a manner as an employee of the United States Internal Revenue Service, it is insufficient for the government to prove a mere repetition of the false representation.

In order for each of you to find Mr. York guilty of this offense, the government must prove beyond a reasonable doubt, an additional act by Mr. York that went beyond falsely stating that he was an IRS employee engaged in an investigation of tax records.

*United States v. Larson*, 125 F.Supp 360 (D.C. Alaska 1954) (holding that an indictment which charged that the defendant impersonated a United States officer and falsely took upon himself to act as such, "in that he falsely stated to (a named person) that he was a special agent of the Federal Bureau of Investigation engaged in the investigation of a criminal violation" did not state an offense)(citations omitted).