STEVEN G. KALAR
Federal Public Defender
GRAHAM ARCHER
Assistant Federal Public Defender
55 S. Market Street, Suite 820
San Jose, CA  95113
Telephone: (408) 291-7753
Graham_Archer@fd.org

Counsel for Defendant, DOUGLAS STORMS YORK

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 15-00226 EJD |
| Plaintiff, | DEFENDANT YORK'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING COUNT ONE (18 U.S.C. § 912) JURY INSTRUCTION |
| vs. | |
| DOUGLAS STORMS YORK, | |
| Defendant. | **Honorable Edward J. Davila** |

### INTRODUCTION

Defendant Douglas Storms York, by and through Assistant Federal Public Defender Graham Archer, submits this Memorandum of Points and Authorities in support of an alternate jury instruction to the Ninth Circuit Model Instruction for Count one, an alleged violation of 18 U.S.C. § 912.

The Ninth Circuit Model Instruction provides no explanation or direction to the jury that there is a mental state required to commit the offense.  Additionally, the model instruction fails to explain that the "acting as such" element requires proof that the act induced the targeted individual to follow some course of conduct, as required by *United States v. Lepowitch*, 318 U.S. 702, 704

(1943). Accordingly the Court should give the defense's proposed instruction regarding count one, as set forth below.

### ARGUMENT

As noted in the Model Instructions themselves, "[t]he instructions in this Manual are models. They are not mandatory, and must be reviewed carefully before use in a particular case. They are not a substitute for the individual research and drafting that may be required in an individual case." Ninth Circuit Model Criminal Jury Instructions, Introduction to 2010 Edition. If the jury is not instructed on an essential element, the prosecution is relieved of its duty to prove every element beyond a reasonable doubt, depriving the jury of its fact-finding duty, and resulting in constitutional error. *Carella v. California*, 491 U.S. 263, 265 (1989).

In the instant case, where the allegation is based on an approximately thirty-second voicemail, the potential for jury confusion is significant as to the necessary mens rea of an intent to deceive and the potential that it will be construed by the jury in an impermissibly overbroad manner. Further, the "acting as such" element requires an essential inducement to a course of conduct.[1] The Ninth Circuit's model instruction fails to adequately address these issues.

**I.    The Requirement of an Intent to Deceive Is An Element of Section 912 Based on *Lepowitch***

In *Lepowitch*, the United States Supreme Court held that the "acting as such" prong under 18 U.S.C. § 76 (later renumbered as section 912) required that the defendant, by artifice and deceit, "sought to cause the deceived person to follow some course he would not have

---

[1] The defense has requested a further instruction as to the requirement of an additional act for the "acting as such" element based on *United States v. Larson*, 125 F.Supp 360 (D.C. Alaska 1954) (holding that an indictment which charged that the defendant impersonated a United States officer and falsely took upon himself to act as such, "in that he falsely stated to (a named person) that he was a special agent of the Federal Bureau of Investigation engaged in the investigation of a criminal violation" did not state an offense)(citations omitted). Additionally, the defense has requested a further instruction on materiality. *See* Docket No. 67.

Def.'s Mem. of P & A Re: Count One Jury Instruction
CR 15-00226 EJD            2

pursued but for the deceitful conduct." *Lepowitch*, 319 U.S. at 704. The *Lepowitch* court distinguished this element from the second offense (not charged in Mr. York's case) found in section 76, a deceitful attempt to obtain a thing of value. *Id.* at 704-705.

In 1948, Section 76 was renumbered to Section 912, and the language of Section 76 requiring "intent to defraud" was removed. *See United States v. Randolph,* 460 F.2d 367 (2nd Cir. 1972). The removal was solely intended to delete redundant language, and not to delete the intent requirement identified by the Supreme Court. 18 U.S.C.A. § 912, Historical and Statutory Notes ("The words 'with the intent to defraud the United States or any person', contained in said § 76 of Title 18, U.S.C., 1940 ed., were omitted as meaningless in view of *United States v. Lapowich* [sic], 63 S.Ct. 914."). The Ninth Circuit addressed this issue in *United States v. Tomsha-Miguel*, 766 F.3d 1041 (9th Cir. 2014). Although the court held that the government was not required to plead a specific instance of fraud in the indictment, it acknowledged (citing *Lepowitch*), that "[b]ecause § 912's statutory elements incorporate an intent to deceive, the statute reaches only those acts that are intentionally deceptive." *Id.* at 1049.

### A.  This Court Must Give An Instruction That Comports With *Lepowitch*

In the Eighth Circuit, the model jury instruction for § 912 reads as follows:

The crime of impersonation of a federal [officer] [employee], as charged in [Count __ of] the Indictment, has three elements, which are:

*One,* the defendant pretended to be (describe the pretense, e.g., a special agent of the F.B.I.); and

*Two*, such pretense was false and the defendant knew it was false; and

*Three*, the defendant, while so pretending, [acted with the intent to cause a person to follow some course of action or inaction] [[demanded] [obtained] some [money] [paper] [document] [thing of value]].

Eighth Circuit Model Jury Instruction, No. 6.18.912. *See* Exhibit A. *See also United States v. Gilbert*, 143 F.3d 397 (8th Cir. 1998) ("This Court has held that "to 'act as such' would be the equivalent of causing 'the deceived person to follow some course he would not have pursued but

1  for the deceitful conduct.'" *United States v. Robbins*, 613 F.2d 688, 691 (8th Cir.1979) (quoting

2  *United States v. Lepowitch*, 318 U.S. 702, 704, 63 S.Ct. 914, 916, 87 L.Ed. 1091 (1943)).")

3      This proposed instruction is thus warranted under *Lepowitch* and is consistent

4  with *Tomsha-Miguel*. In *Tomsha-Miguel*, the Ninth Circuit stated that in light of vagueness and

5  overbreadth concerns, the statute must be narrowly construed to apply only to intentionally

6  deceptive acts:

> Because § 912's statutory elements incorporate an intent to deceive, the statute reaches only those acts that are intentionally deceptive. *See Lepowitch*, 318 U.S. at 704, 63 S.Ct. 914 (holding that the elements of § 912 implicitly incorporate an intent to defraud). We held similarly in *Perelman*, when we noted that § 912 was an example of a statute encompassing "a narrow range of conduct" limited to "intentionally deceptive acts." 695 F.3d at 871.

11  *United States v. Tomsha-Miguel*, 766 F.3d 1041, 1049 (9th Cir. 2014). Any broader application

12  of the statute by the jury would result in an impermissibly vague reading, would violate the

13  notice requirement of the Due Process Clause, and would impinge upon First Amendment

14  protections.

15      Similarly, in the Eleventh Circuit, the pattern instruction reads as follows:

16      It is a Federal crime to falsely impersonate an officer of the United States.

17      The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

> (1)    the Defendant pretended to be an officer or employee acting under the authority of the United States;
>
> (2)    the Defendant acted as such;
>
> (3)    the Defendant did so knowingly with intent to deceive or defraud another.
>
> For purposes of this crime, to act "with intent to deceive or defraud" means to act with the specific intent to get a person to do something he would not otherwise have done.

24  Eleventh Circuit, Model Jury Instruction No. 33. *See* Exhibit B.

25      Both of these instructions accurately explain the burden of the government to prove

deceit, though the Eleventh Circuit's instruction includes "defraud," which is not necessary in *Tomsha-Miguel*.

The defense proposes that the Court give the following instruction, a combination of the Eighth and Eleventh Circuits' instructions that comports with the section 912, *Lepowitch*, and *Tomsha-Miguel*:

It is a Federal crime to falsely impersonate an officer of the United States.

The Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:

(1) the Defendant pretended to be an officer or employee acting under the authority of the United States;

(2) the Defendant acted as such;[2]

(3) the Defendant did so knowingly with intent to deceive another.

For purposes of this offense, to act "with intent to deceive" means that the defendant, while so pretending, acted with the intent to cause a person to follow some course of action or inaction.

## **CONCLUSION**

Because an element of deceit is still required under Section 912, the Ninth Circuit Model instruction is insufficient.  The Ninth Circuit's instruction allows the jury to convict Mr. York without proof beyond a reasonable doubt of all the elements under § 912.  Accordingly,  the Court should give the defense's proposed instruction.

Dated: August 27, 2015                               Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender


                                                              s/
                                                     GRAHAM ARCHER
                                                     Assistant Federal Public Defender

---

[2] *See* Docket No.  67 at 3.

Def.'s Mem. of P & A Re: Count One  Jury Instruction
CR 15-00226 EJD                                      5