# Exhibit A



# EIGHTH CIRCUIT
# MODEL JURY INSTRUCTIONS

The 2014 edition Manual, available in print, is modified here to reflect new
and revised instructions approved August 5, 2014.

FINAL INST.: ELEMENTS                           **6.18.912**

### 6.18.912 IMPERSONATION OF A FEDERAL OFFICER OR EMPLOYEE—[ACTING AS] [DEMANDING SOMETHING OF VALUE] (18 U.S.C. § 912)

The crime of impersonation of a federal [officer] [employee],[1] as charged in [Count __ of] the Indictment, has three elements, which are:

*One*, the defendant pretended to be (describe the pretense, e.g., a special agent of the F.B.I.); and

*Two*, such pretense was false and the defendant knew it was false;[2] and

*Three*, the defendant, while so pretending, [acted with the intent to cause a person to follow some course of action or inaction][3] [[demanded] [obtained] some [money] [paper] [document] [thing of value]].[4]

[Insert paragraph describing [government's] [prosecution's] burden of proof; *see* Instruction 3.09, *supra*.]

#### Notes on Use

1. The statute does not label the crime "impersonation of a federal officer"; however, that is the title usually associated with a violation of 18 U.S.C. § 912.

2. Although the statute and cases do not expressly state that the defendant must know the pretense was false, that is implicit in the word "pretend." *See* 2 Kevin F. O'Malley, et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS: Criminal § 38.04 (5th ed. 2000).

3. Use this language if the defendant is charged with "acting as" a federal officer. The specific language setting forth what the victim did or did not do may be substituted for the more general language of "following some course of action or inaction." The exact language of *Robbins*, 613 F.3d at 691, that "to 'act as such' would be the equivalent of causing 'the deceived person to follow some course he would not have pursued but for the deceitful conduct,'" is not used because it is confusing and because the government is not required to prove that the victim would not have followed the

253

**6.18.912**                              CRIMINAL INSTRUCTIONS

course of action "but for the pretense."

The Committee does not believe that *Robbins* intended to create a new causation requirement for this statute. The first bracketed matter set forth in Element *Three* is a mental-state requirement, not a causation requirement. *United States v. Gilbert*, 143 F.3d 397, 398 (8th Cir. 1998) (jury could reasonably infer that the defendant attempted to avoid receiving a traffic ticket by impersonating a federal agent and falsely implying that he was on the way to a work-related emergency. "There was more here than a naked representation, more than mere bravado or puffing.")

4. Use this language if the charge is that the defendant obtained something of value. Obtaining property by impersonating a federal official is a separate and distinct offense from "acting as" a federal official. *United States v. Lepowitch*, 318 U.S. 702, 704–05 (1943); *United States v. Robbins*, 613 F.2d 688, 690 (8th Cir. 1979). The gravamen of the offense is the acquisition of something of value because of the defendant's representation that he was a federal officer or employee. *United States v. Etheridge*, 512 F.2d 1249, 1253 (2d Cir. 1975). The "thing of value" obtained by the defendant need not to be tangible; information can be a thing of value. *United States v. Sheker*, 618 F.2d 607, 609 (9th Cir. 1980). Similarly, forbearance by a police officer of issuing a traffic ticket is a thing of value. *United States v. Rippee*, 961 F.2d 677, 679 (7th Cir. 1992).

### Committee Comments

*See* 2 Kevin F. O'Malley, et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS: Criminal §§ 38.01–.06 (5th ed. 2000). *See generally United States v. Robbins*, 613 F.2d 688 (8th Cir. 1979); *United States v. Gilbert*, 143 F.3d 397 (8th Cir. 1998).

An "intent to defraud" need not be specifically alleged; it is automatically present any time the other elements of the offense are proven, *United States v. Gayle*, 967 F.2d 483, 486–87 (11th Cir. 1992); instead, all that is required is that the defendant sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct. *United States v. Robbins*, 613 F.2d at 690–92.

It is immaterial that the officer impersonated lacked the authority to do what the defendant did or purported to do, *Thomas v. United States*, 213 F.2d 30, 31–32 (9th Cir. 1954), or that the benefits accrued to the defendant in his personal capacity rather

254

**FINAL INST.: ELEMENTS**                    **6.18.912**

than in his purported official capacity. *United States v. Rippee*, 961
F.2d 677, 679 (7th Cir. 1992).

# Exhibit B

# ELEVENTH CIRCUIT

# PATTERN JURY INSTRUCTIONS

# (CRIMINAL CASES)

# 2010

# 33
## False Impersonation of an Officer of the United States
## 18 U.S.C. § 912

It's a Federal crime to falsely impersonate an officer of the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)        the Defendant pretended to be an officer or employee acting under the authority of the United States;

(2)        the Defendant [acted as such] [demanded or obtained money or other thing of value]; and

(3)        the Defendant did so knowingly with intent to deceive or defraud another.

For purposes of this crime, to act "with intent to deceive or defraud" means to act with the specific intent to try to get a person to do something he would not otherwise have done.

**ANNOTATIONS AND COMMENTS**

18 U.S.C. § 912 provides:

> Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency, or officer thereof, and [1] acts as such, or [2] in such pretended character demands or obtains any money . . . or thing of value [shall be guilty of an offense against the United States].

Maximum Penalty:  Three (3) years imprisonment and applicable fine.

*United States v. Gayle*, 967 F.2d 483, 486-87 (11th Cir. 1992) (en banc), held that intent to defraud is an essential element of this offense, relying on the amended statutory language which omitted "with intent to defraud" in deference to the

224

Supreme Court's holding in *United States v. Lepowitch*, 318 U.S. 702, 63 S. Ct. 914, 87 L. Ed. 1091 (1943): "the words 'intent to defraud' in the context of this statute, do not require more than the defendants have, by artifice or deceit, sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct." 318 U.S. at 704. The Eleventh Circuit joined the Third, Eighth, and D.C. Circuits in determining that intent to defraud remained an element of the offense, even though it did not have to be alleged in the indictment. Note, however, that the Second, Fourth, Seventh, and Ninth Circuits have held that "intent to defraud" is no longer an element of this offense.

In *United States v. Tin Yat Chin*, 476 F.3d 144 (2d Cir. 2007), the Second Circuit observed that § 912 "only applies to persons impersonating a present government employee," and not a former employee).