1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  BRIANNA PENNA (CABN 290444)
   Special Assistant United States Attorney
5  JEFF SCHENK (CABN 234355)
   Assistant United States Attorney
6
          150 Almaden Boulevard, Suite 900
7         San Jose, California 95113
          Telephone: (408) 535-5061
8         FAX: (408) 535-5066
          Brianna.penna@usdoj.gov
9
   Attorneys for United States of America
10

11                     UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                            SAN JOSE DIVISION

14
   UNITED STATES OF AMERICA,             )  NO. CR-15-00226-EJD
15                                        )
          Plaintiff,                      )  UNITED STATES' SENTENCING
16                                        )  MEMORANDUM
     v.                                   )
17                                        )  Sentencing Date: January 4, 2015
   DOUGLAS STROMS YORK,                   )
18                                        )  **Honorable Edward J. Davila**
          Defendant.                      )
19  _____ )

20

21
          The United States hereby submits its sentencing memorandum in the above-referenced case. On
22
   August 28, 2015 the defendant was found guilty by a jury of Count One of the Superseding Indictment,
23
   which charged the defendant with falsely impersonating a federal officer or employee, in violation of 18
24
   U.S.C. § 912. The Government agrees with the Guidelines calculation in the Presentence Investigation
25
   Report ("PSR") prepared by the United States Probation Office. The Government respectfully
26
   recommends a low-end guideline sentence of one-year imprisonment and one year of supervised release.
27
   While we generally agree with the recommendation of the Probation office, we would recommend a
28
   UNITED STATES' SENTENCING MEMORANDUM
   CR-15-00226-EJD
                                                   1

sentence of one year rather than one year and one day for the reasons stated below.

## I. Background Facts and Procedure

After the defendant's wife initiated divorce proceedings against him, the defendant began to harass his wife and her boyfriend, Allan Hessenflow. As part of this harassment, on February 23, 2012, the defendant utilized a telephone "spoofing service" to harass Mr. Hessenflow. A telephone spoofing service is a service that allows a caller to conceal his voice during a telephone call, and also to change the telephone number that appears on a caller identification. On February 23, 2012, the defendant called Mr. Hessenflow using a spoofing service, and impersonated an employee from the Internal Revenue Service who was investigating Mr. Hessenflow's tax records.

Throughout the course of the investigation of the suspicious voice mail, it was revealed that the defendant was engaged in a pattern of severe harassment of the victims. Multiple instances of documented harassment were revealed, all carried out by the defendant and aimed at the victims. This includes repeatedly calling them, showing up at their house late at night, and sending customers to the house to purchase items not actually for sale. The defendant has a lengthy and serious criminal history that spans twenty-seven years. He has sustained several convictions for domestic violence offenses. Defendant was subject to a restraining order to keep him away from the victims, further demonstrating his pattern of animus against them.

On June 19, 2015, the defendant was released by the Court on a $50,000 unsecured bond with numerous conditions, including supervision by Pretrial Services and location monitoring. During the three month period that the defendant was on supervision with Pretrial Services, he incurred six violations and appeared before the Magistrate Court three times for bail violation hearings. He showed a complete lack of respect for the conditions of his release and demonstrated an inability to follow court-ordered instructions.

## II. Guidelines Calculations

The Government concurs with the Probation Officer's calculation of the sentencing guidelines. Offenses under 18 U.S.C. § 912 offenses should be sentenced under USSG §2J1.4. That section provides that an offense involving the impersonation of an employee of the United States has a base

UNITED STATES' SENTENCING MEMORANDUM
CR-15-00226-EJD

offense level of 6. No specific offense characteristics were present, and because the defendant did not accept responsibility for the offense, the adjusted offense level remains at a level 6. After a detailed review of the defendant's lengthy criminal history, Probation determined that the defendant falls within criminal history category VI. His past convictions resulted in a subtotal criminal history score of 19. Two points were added due to the defendant's committing the offense while on criminal probation. *See* PSR at 24. The Government agrees with Probation's position regarding the defendant's objection to the criminal history calculations. *See* PSR Addendum Defense Objection Number One. A total adjusted offense level of 6 and a criminal history category of VI yield a guideline range of 12 to 18 months.

### III.   Government's Position Regarding Sentencing

Probation has recommended that the defendant should be sentenced to imprisonment for one year and one day, plus one year of supervised release. The government respectfully recommends a sentence of one year, followed by one year of supervised release. Pursuant to Title 18, United States Code Section 3553(a), the Court must impose a sentence sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide defendant with correctional treatment. Applying the principles cited above, the government recommends that the Court impose a sentence of twelve months imprisonment, to be followed by one year of supervised release.

First, the nature and circumstances of the offense of this case demonstrate that the defendant's conduct that gave rise to the charges were part of an escalating pattern of harassment aimed at the victims. This was not an instance of a good-natured prank phone call. The defendant took active steps to disguise his voice and increase the believability of his scheme to impersonate an Internal Revenue Service agent. This voice message was intended to continue his ongoing pattern of harassment aimed at the victims.

Second, defendant's history and characteristics support a within-guidelines sentence. Defendant's lengthy criminal history, as detailed in the PSR, shows an unbroken pattern of criminal behavior starting in 1989 and continuing to the present. He has been convicted of numerous offenses, including DUI offenses, domestic violence offenses, burglary, drug possession convictions, violations of

UNITED STATES' SENTENCING MEMORANDUM
CR-15-00226-EJD

a protective order, fighting in public, and evading police officers, among others.  It is clear that defendant's past sentences have had little, if any, deterrent impact on his tendency to re-offend. Imposing a twelve month sentence will ensure that the public is protected from the defendant's ongoing criminal conduct during that time.

The defendant has been afforded numerous opportunities to demonstrate his ability to comply with the law and court-orders.  Defendant's continued violations of his release conditions while awaiting trial in this case demonstrate his complete lack of deference to court orders.  The defendant has shown a complete lack of good faith in complying with his release conditions or acting within the law.

While our recommendation is similar to Probation, there is a notable difference.  If defendant were sentenced to one year and one day, he would be eligible to receive good time credits and thus serve less than a full year of incarceration.  If he is sentenced to twelve months imprisonment, he would be required to serve the entire time imposed.  We view Probation's one year and one day prison recommendation as a benefit that the defendant has not earned.  Ensuring that the defendant serves the entire twelve months in custody is appropriate based on the specific facts of this case.  Such a sentence is sufficient, but not greater than necessary to achieve both Guidelines and statutory sentencing goals.

**IV.   Conclusion**

For all of the foregoing reasons, the government respectfully recommends that this Court sentence the defendant to twelve months imprisonment, followed by a twelve month term of supervised release. Such a sentence would be sufficient but not greater than necessary to address those factors.

DATED: December 29, 2015                         Respectfully submitted,

                                                 BRIAN J. STRETCH
                                                 Acting United States Attorney

                                                 /s/
                                                 BRIANNA PENNA
                                                 JEFF SCHENK
                                                 Assistant United States Attorneys

UNITED STATES' SENTENCING MEMORANDUM
CR-15-00226-EJD

4