**FILED**

JAN 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. DOUGLAS STROMS YORK, Defendant-Appellant. | No. 16-10010 D.C. No. 5:15-cr-00226-EJD-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted December 12, 2016
San Francisco, California

Before: HAWKINS, BERZON, and MURGUIA, Circuit Judges.

Douglas York was convicted for falsely impersonating an Internal Revenue Service (IRS) employee and acting as such, in violation of 18 U.S.C. § 912. York appeals the district court's judgment and conviction. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Over York's objections, the district court gave a jury instruction on the offense that followed the Ninth Circuit Model Jury Instructions for the § 912[a][1] offense. *See* Model Crim. Jury Instr. 9th Cir. 8.50 (2010).[2] Nothing in the instructions given explicitly required an "intent to deceive."

Assuming, without deciding, that the "intent to deceive" incorporated in the statutory elements of § 912[a], *see United States v. Tomsha-Miguel*, 766 F.3d 1041, 1049–50 (9th Cir. 2014), requires a finding of subjective intent to deceive another into changing his course of action on the basis of the impersonated acts, *see United States v. Lepowitch*, 318 U.S. 702, 704–05 (1943), the district court's failure to instruct on such a requirement was harmless. *See United States v. Munguia*, 704 F.3d 596, 603–04 (9th Cir. 2012). "[A] jury instruction error would not be harmless if a defendant 'contested the omitted element *and* raised evidence

---

[1] Section 912 defines two separate crimes in a single paragraph, without sub-paragraphs. We refer to the violation at issue here, the first crime defined in the Section, as § 912[a].

[2] We note that *Tomsha-Miguel*, 766 F.3d 1041, postdates the last revision to Model Crim. Jury Instr. 8.50. Accordingly, we request that the Ninth Circuit Jury Instructions Committee examine the instructions for § 912[a] offenses and determine whether to clarify the model instructions to conform with *Tomsha-Miguel*. We direct the Committee's attention not only to *Tomsha-Miguel*, 766 F.3d at 1046–50, for its articulation of the elements and the incorporated "intent to deceive," but also to this Court's discussion in *United States v. Swisher*, 811 F.3d 299, 315–16 (9th Cir. 2016), of the limits imposed by the First Amendment on the reach of criminal laws that penalize false speech.

sufficient to support a contrary finding.'" *United States v. Cherer*, 513 F.3d 1150, 1155 (9th Cir. 2008) (emphasis added) (quoting *Neder v. United States*, 527 U.S. 1, 19 (1999)).

Here, the government presented evidence that York used a paid "spoofing" application to select a false return phone number ending in the digits "1040," and to modify his voice to sound like a woman. In the voice mail, York announced himself as Judy Smith "with the IRS, Internal Revenue Service"; stated the call was related to a tax audit; noted an interest in checking the recipient's records for three specific years; requested a return call at the false "1040" phone number he had selected; and used "we" in reference to a plan to continue pursuing records in relation to the audit. This evidence was sufficient to establish an intent to deceive the individual called into changing his course of action, at least by investigating or calling the number specified.

York presented no evidence refuting that intent. He argued to the jury that some of the government's evidence—the altered voice, which he characterized as an obvious ruse, and the unprofessional language used in the message—demonstrated that he did not genuinely attempt to impersonate or act as an IRS employee.

That the impersonation may have been flawed does not explain why, if he intended nothing but annoyance to result from the call, York would have changed his voice to a "woman's" through a paid service; requested tax records by phone, as is consistent with legitimate IRS investigations; or provided a call-back number ending in "1040," a number that matches not only a common income tax form, but also the last four digits of a legitimate IRS help line. The recipient's actual response—to run an Internet search on the call-back number—was the minimum York could have intended, given the content and form of the call, yet went beyond simple annoyance.

Furthermore, in rebuttal to York's closing, the government repeatedly highlighted how evidence that York specifically drew the recipient's attention to the 1040 number demonstrated that York "wanted" to bolster an appearance of call's legitimacy. Thus, the evidence of York's subjective intent to deceive was not only overwhelming but was also specifically in dispute during the closing arguments.

Beyond a reasonable doubt, the failure to instruct on a possible intent to deceive requirement did not affect the verdict.

2. Similarly, assuming without deciding that the incorporated "intent to deceive" requires a materially deceptive act, the district court's failure to instruct

on such a requirement was harmless. To be material, York's deceptive act would need to have "a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed." *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (alteration in original) (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988)). Even if the voice sounded noticeably altered, the other deceptive aspects of the call described above were clearly capable of causing a reasonable person to take *some* action in response—including, as occurred, an investigation of the call's authenticity.

\* \* \*

In sum, whether or not the jury should have been given further instruction on the elements of the § 912[a] offense and the embedded "intent to deceive" component, the possible instructional errors were harmless beyond a reasonable doubt.

3. York also contests the sufficiency of the evidence as to the "act as such" element. Whereas the harmlessness standard applied in the previous sections asks whether it is beyond a reasonable doubt that the jury *would* have found York guilty absent possible instructional error, *see Munguia*, 704 F.3d at 603–04, the sufficiency standard asks whether "*any* rational trier of fact *could* have found the essential elements of the crime beyond a reasonable doubt," *Tomsha-Miguel*, 766

5

F.3d at 1045 (second emphasis added) (quoting *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010)). In the sufficiency review, we are additionally "obliged to construe the evidence 'in the light most favorable to the prosecution.'" *Id.*

As the evidence demonstrated that possible failure to instruct the jury on the embedded requirements of the "act as such" element was harmless, the same evidence is sufficient under the more prosecution-friendly standard here. We therefore affirm the district court's judgment and conviction.

**AFFIRMED.**